## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSEPH SLOVINEC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-0455 (GK) |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN UNIVERSITY, | ) | |
| 4400 Massachusetts Avenue, NW | ) | |
| Washington, DC 20016 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S MOTION TO DISMISS AND/OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT

Pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, Defendant American University hereby moves to dismiss the instant Complaint and/or in the alternative for an order requiring Plaintiff Joseph Slovinec to amend his Complaint to provide a more definite statement. The grounds for the motion are set forth in the accompanying memorandum of points and authorities, which is incorporated herein by reference.

Dated: April 25, 2006                    Respectfully submitted,

AMERICAN UNIVERSITY

/s/ Hisham R.O. Khalid
Hisham R.O. Khalid, Esq.
D.C. Bar No. 44594
American University
Office of General Counsel
3201 New Mexico Avenue, NW, Suite 270
Washington, DC 20016-8165
(202) 885-3285

Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| JOSEPH SLOVINEC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-0455 (GK) |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN UNIVERSITY, | ) | |
| 4400 Massachusetts Avenue, NW | ) | |
| Washington, DC 20016 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND/OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT

Pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, Defendant American University (the "Defendant") hereby moves the Court to dismiss the instant Complaint and/or in the alternative for an order requiring Plaintiff Joseph Slovinec (the "Plaintiff") to amend his Complaint to provide a more definite statement. As explained below, the Complaint should be dismissed because the Plaintiff has failed to plead with any particularity his claims against the Defendant. The Defendant respectfully requests that this Honorable Court direct the Plaintiff to amend his original Complaint so as to remove the ambiguity and vagueness, as well as comply with the format requirements of Rule 10(b) of the Federal Rules of Civil Procedure, which requires numbered paragraphs and statements limited to a single set of circumstances. Currently drafted, the Plaintiff fails to state clearly the facts and circumstances which form the

basis for the Plaintiff's allegations.  In order for the Defendant to file an appropriate responsive pleading to the Complaint, the Plaintiff should be directed to amend his Complaint so that it is in compliance with the rules and written in a manner which will clearly identify the Plaintiff's claims and causes of action.  Otherwise, this Court and the Defendant will be left guessing as to what Plaintiff is claiming.[1]

**ARGUMENT**

Whether to grant a motion for a more definite statement under Rule 12(e) is a matter committed to the sound discretion of the district court. See Crawford-El v. Britton, 523 U.S. 574, 597-98 (1998); McHenry v. Renne, 84 F.3d 1172, 1179 (9 Cir. 1996); and Hodgson v. Va. Baptist Hosp., Inc., 482 F.2d 821, 824 (4 Cir. 1973). To obtain relief under Rule 12(e), the moving party must adequately explain his or her inability to respond to the complaint as pled. That normally requires the moving party to identify the deficiencies in the pleadings and the additional details needed to allege an intelligible claim. See Wright & Miller, Fed. Practice and Procedure: Civil 3d § 1378.  See, e.g., Burnett v. Al Baraka Inv. & Development Corp., 274 F.Supp. 2d 86, 110 (D.D.C. 2003).

**I.    PLAINTIFF SHOULD BE REQUIRED TO PROVIDE A MORE DEFINITE STATEMENT BECAUSE DEFENDANT CANNOT FRAME A RESPONSIVE PLEADING TO PLAINTIFF'S VAGUE AND AMBIGOUS ALLEGATIONS**

The Plaintiff's claims against the Defendant consist entirely of cryptic and conclusory allegations that the Defendant violated the Age Discrimination Act of 1967.  The Complaint, however, does not provide Defendant with any notice of the specific acts complained of, and it is so vague, ambiguous, and unintelligible that Defendant is presently unable to frame a responsive

---

1 A copy of Plaintiff's Complaint is attached hereto as Exhibit 1.

3

pleading. [2]  The Plaintiff merely states in summary fashion that he "is following steps to appeal denial of relief by U.S. Equal Employment Opportunity Commission…when Plaintiff alleged violation of Age Discrimination Act of 1967."  The Plaintiff must set forth the factual basis for his claims, the requested relief, and the identity of the parties against whom or which he seeks such relief in a more definite statement.  The Defendant would be prejudiced in preparing a response to this Complaint if these facts are not available.

Fox v. Lummus Co., 524 F. Supp. 27 (S.D.N.Y. 1981) illustrates the difficulties created by a pleading as vague and unintelligible as the Plaintiff's.  The plaintiff in Fox alleged that his employer engaged in "a course of constant harassment and pressure the object of which was to make the plaintiff leave his position prematurely."  Id. at 30.  Concluding that these allegations were so vague and ambiguous that the employer could not reasonably be required to frame a responsive pleading, the court ordered the plaintiff to state with particularity which acts constituted the alleged "harassment and pressure," when such acts occurred, and which persons committed such acts.  The Plaintiff's ambiguous allegations in this case mirror those deemed insufficient in Fox, and likewise warrant requiring the Plaintiff to provide a more definite statement.  See King v. Evans, 640 F. Supp. 107, 109 (N.D. Ga. 1986) (ordering plaintiff to file an amended complaint listing in chronological order each allegedly wrongful action and the corresponding theory of liability).  Otherwise, neither the Defendant nor the Court can assess what defenses may apply to Plaintiff's claims.

The Complaint's vagueness forces the Defendant to speculate about the nature of the Plaintiff's claim, and preclude any meaningful response short of a general denial.  Given this

---

2 Even though Plaintiff attached numerous documents to his Complaint, his "shotgun pleading" couple with his lack of stated causes of action make it difficult, if not impossible, to discern what legal claims Plaintiff is attempting to state.

failure, the Defendant cannot determine how to respond to the Complaint, or what affirmative

defenses may apply.  In short, the Complaint provides no indication of the facts or legal theories

on which the Plaintiff's claims are premised.  Such a predicament clearly defeats the purpose of

notice pleading provided by the rules of this Court, and portends future difficulties in discovery

and pretrial proceedings because the Complaint provides no benchmark on which to determine

the relevance of any discovery request or inquiry.  At a minimum, the Plaintiff must state the

circumstances and approximate date of each alleged instance of wrongful treatment, and the

identity of those allegedly involved.

WHEREFORE, Defendant respectfully moves the Court to dismiss the Complaint, or in

the alternative, to order Plaintiff to file a more definite statement of his claims.

Dated:  April 25, 2006                     Respectfully submitted,

                                           AMERICAN UNIVERSITY

                                           /s/ Hisham R.O. Khalid
                                           Hisham R.O. Khalid, Esq.
                                           D.C. Bar No. 44594
                                           American University
                                           Office of General Counsel
                                           3201 New Mexico Avenue, NW, Suite 270
                                           Washington, DC 20016-8165
                                           (202) 885-3285

                                           Attorney for Defendant

*LCvR 7(m) DUTY TO CONFER*

Counsel for the Defendant hereby certifies that despite diligent efforts consent for the relief sought could not be obtained.

/s/ Hisham R.O. Khalid
Hisham R.O. Khalid, Esq.

*CERTIFICATE OF SERVICE*

I hereby certify that a true and correct copy of Defendant's Motion to Dismiss or in the Alternative for a More Definite Statement was served this 25 day of April, 2006 by first-class mail, postage prepaid, upon:

Joseph Slovinec
425 2nd Street, NW
Washington, DC 20016

/s/ Hisham R.O. Khalid
Hisham R.O. Khalid, Esq.