IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA, WASHINGTON, D.C.

Joseph Slovinec,  06-0455
   Plaintiff,
      Vs.  gk – Judge Kessler
American University,
   Defendant

MORE DEFINITE STATEMENT AND MOTION FOR COURT TO ORDER SURVEY OF AGES OF AMERICAN UNIVERSITY EMPLOYEES AS OF MAY 16, 2005

1. Plaintiff provides a more definite statement by saying his observations indicated Age discrimination in employment in disregard of 29 U.S. Code 623 and motions to the court to order a 'statistically Significant survey' which could reveal "bias" *Khair v. Campbell Soup Co.* 893 F. Supp. 316 (D.N.J. 1995): of ages of American University employees as of May 16, 2005, in categories of: 20-29, 30-39, 40-49, 50-59, and over 60. J. Slovinec is 48.

2. Leave of court is asked to accept a single-spaced statement today, May 26, to ensure it is handed it in before deadline of May 30: Plaintiff is limited to use of free CCNV shelter typewriter with less than $30 in his only bank account and he cannot keep up with expenses of mainstream white or other nationality lawyers after he spent $10 on Xeroxing and sending materials to Maryland's Attorney General and State's Attorney in a related lawsuit against Montgomery County for eviction-related issues.

3. Plaintiff disagrees with some of Mr. Khalid's statements he had "ambiguity and Vagueness": specific jobs are on Appendix D-1 and D-2 of Feb. 1, 2005 and document of March 15, 2006. In regards to Brenda Harner's Human Resources office at American University, there was only polite delivery of resumes with little conversation and no insults from Brenda Harner's office: her office never interviewed J. Slovinec for any position and no other facts and circumstances.

4. Brenda Harner had told J.Slovinec she was forbidden from interviewing him For any American U. jobs due to Public Safety's barring order. Barring orders Are usually for criminals and burglars, and it was wrong and a type of harassment and pressure in *Fox v. Lummus Co.* case, 524 F.Supp. 30 (S.D.N.Y. 1982). J. Slovinec maintains his activities of May 17 were legitimate business including distribution of the letter to Secretary Spellings which seems the main cause for McNair's retaliation later the same day with a barring order with no

RECEIVED

MAY 2 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

warnings which was recently extended to 2007, and which J. Slovinec will ask to court to overrule or end it. If barring was for unpaid bill, American U. should truthfully disclose it to the court in either this case or a more generalized defamation case which is not limited to age or race, 2006 CA 003812B in its first D.C. Superior Court case with an August 25, 2006 conference with Judge Natalia Combs Greene. JUDGE KESSLER IS NOTIFIED OF THIS CASE IN ACCORDANCE WITH PARALLELISM IN COLORADO WATER CONSERVATION DISTRICT V. U.S.. 424 U.S. 800 (1976) after federal Judge Urbina refused relief in June 2005. In an EEOC case, J. Slovinec is allowed to bring up other factors of discrimination in addition to race: see *Cockrell* case, 781 F.2d 173, also *Polstroff v. Fletcher,* (1978, N.D. Ak.), 452 F.Supp. 17.

5. Mr. Khalid is asked to comment on this single set of circumstances: J. Slovinec Has a stronger case of constitutionally protected speech because this full list of Individuals he saw on May 17, 2005 proves he had legally protected business Or activity that did not interfere with operations: Mr. Kumar consented to talk About mediation with Dr. Fisher, talks ended politely; April Hornung at Brenda's office who said or implied J. Slovinec had legal right to file employment discrimination case, Amanda Taylor where Plaintiff cited legal right to inspect file under federal Family Educational Rights and Privacy Act 20 U.S.C. 1232 g, Carrie Trybulec (sorry if name was spelled Tribulec, this seems wrong yet J. Slovinec lacks definite daily access to Internet), Financial Aid Office where J. Slovinec had, and still has, legal rights to inspect their records, and Darryl Cook: of Financial Accounts after American U. wrote on April 11, 2005, class registration was cancelled and could be reinstated if charges were paid (this was one of several notes which was destroyed during thievery of J. Slovinec's papers): J. Slovinec said he was willing to favor paying the bill if a loan came in later or if American University gave permission for remission: in an effort to please Mr. Khalid, J. Slovinec as a non-employee would term it a tuition-and-fee waiver which he sought in U.S. Court of Appeals Case 05-7090 since J. Slovinec was unable to find work at all between April 2005 and March 2006 with earning of less than about $600 since then: that case will be appealed to U.S. Supreme Court by July 13, 2006 if there is no settlement. **IF J. SLOVINEC WAS HIRED TO AN AMERICAN UNIVERSITY JOB BY THE LAST DAY OF FINAL EXAMS IN MAY 2005, HE WOULD HAVE BEEN ELIGIBLE FOR FREE TUITION RESMISSION IN HIS TWO CLASSES AS AN EMPLOYMENT BENEFIT: THIS WAS A MAJOR INCENTIVE TO APPLY, AND J. SLOVINEC MAINTAINS FINANCIAL AID DISCRIMINATION AGAINST HIM EXISTED.**

6. The next set of circumstances becomes the set of issues in the May 12, 2005 Letter of J. Slovinec which was already given to the court: since a phone call receptionist at her office said J. Slovinec had the right to file an institutional grievance against American U., J. Slovinec is asking the court to rule this was constitutionally protected free speech especially since Dr. Ronald Fisher's

brochure said J. Slovinec has up to four years to complete a two-semester Graduate Certificate in Peacebuilding program, or between August and Autumn 2008. These five issues where McNair and supporters of Spellings unfairly intimidated Plaintiff were: 1. Trying to discuss low balance savings of $1400; 2. Exclusion by Maryland government of J. Slovinec from shelters after Julie Weber wrote eviction threat of May 16, 2005: since this is what Maryland officials actually said, it was protected and McNair was wrong to portray it as impolite or perhaps a threat 3. Criticism of Dr. Fisher for lack of interest in getting foundation money and 4. Dr. Fisher's refusal to grade Arab League papers (sections might be sent to Mr. Khalid today since most of it was stolen by African-Americans at CCNV shelter): this becomes an issue of academic repression since papers criticized Bush's decision to invade Iraq in 2003 without Arab League vote for it, and 5. A letter which was also destroyed where Dean Goodman gave nearly exaggerated claims of access to campus jobs and financial aid for J. Slovinec in December 2004: court is asked to survey how many of Dr. Fisher's students got either federal loans for IPCR program or tuition reimbursement from U.N.-related employers: Dr. Fisher was trying to pressurize J. Slovinec to pay himself when most of Dr. Fisher's students did not seem to use own funds. Court rulings have protected constitutionally protected speech like the Spellings letter: the court has ruled someone who was not affiliated with Princeton was not trespassing when he distributed leaflets on the Princeton campus because Princeton claimed it was open, *State of New Jersey v. Schmid*, 84 N.J. 535 (1980) and on employment-related issues, the court ruled there is First Amendment protection if statement were true, and not threats, *Roper Corp. v. NLRB*, 712 F. 2d 306, 311 (7th Cir. 1983) which the case with J. Slovinec's letter to Secretary Spellings and American U. seems to have similar claims at hours when it is open to the public

PROOF OF SERVICE: In U.S. Mail to Hisham Khalid, American University Legal Counsel, 3201 New Mexico Ave., N.W., Washington, D.C. 20016
Joseph Slovinec, 425 2nd St., N.W., Washington, D.C. 20016 May 26, 2006

*[Signature: Joseph Slovinec]*
*[Handwritten: accepts May 19 entry. J. Slovinec wants until June 19 to respond]*