IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C.

Joseph Slovinec,
   Plaintiff,
   Vs.
American University,
   Defendant

06-0455
gk – Judge Kessler

## AMENDMENT TO MORE DEFINITE STATEMENT

1. Paragraphs 1, 2, and 3 are within the Equal Employment Opportunity Commission Charge Questionnaire which cites 42 U.S.C. 2000e-5(h), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12217. Since case involves the university, American University, Plaintiff believes it is reasonable to link issue of apparent exaggeration (which Contracts II professors sometimes call "puffing") in Dean Goodman's letter of December 2004 to J. Slovinec in Chicago on access to campus jobs and private loans for financial aid: Plaintiff got zero dollars in financial aid with high enough grades and zero full-time job offers from any contacts of American U., Lochlann Boyle in Placement Office, and Maximus welfare-to-work program in Maryland: additional difficulties to not getting any of the 18 A.U. jobs.

2. Plaintiff adds in more detail after last week: "Nearly all clerical and staff Employees at American U. were under 40 in Spring 2005 or more than 85% In my observation of: Patrick in Dean Goodman's office, Library, Amanda and two other younger women in SIS admission, all of SIS Financial Aid, and other staff: only Will Baker of Dean Goodman's staff and Brenda Harner seemed over 40.

3. Job discrimination was linked to financial aid discrimination from a younger staff Which was inconsiderate that Plaintiff was middle-aged and had left Chicago, Illinois, his residence of 1989-2004 with considerable uncertainty before he went to American University: the American U. catalog of 2004-2005 (see pp. 26-32, 50) gave Plaintiff the right to ask for a Restricted University Loan as a last resort like the Cafritz and Morgenstern Loan: staff disregarded these rights and Plaintiff's right to ask for a Financial Aid Appeal to avoid disruption of his work which is what happened.
MR. KHALID IS ASKED TO EXPLORE OUT-OF-COURT ALTERNATIVE DISPUTE RESOLUTION WITH DR. FISHER on chances of asking for recording for grades and paying for tuition with remission or grant, and transition to new worker training program since there is also potential U.S. Supreme Court case along with this one.
*[handwritten: Already mailed]* PROOF OF SERVICE: In U.S. mail to: Hisham Khalid, American U. Legal Counsel, 3201 New Mexico Ave., N.W. Washington, D.C. 20016
Joseph Slovinec, 425 2nd St., N.W., Washington, D.C. 20001 May 30, 2006

*[signature: Joseph Slovinec]*

RECEIVED MAY 30 2006 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT

PAGE 2 J. SLOVINEC AMENDMENT TO MORE DEFINITE STATEMENT

4. Among the 18 jobs in the age discrimination complaint,: on May 1, complaint discrimination was particularly bad on Senior Administrative Clerk position at School of International Service 1713, Staff Assistant at School of Public Affairs 1728: also Customer Service 1877, other Staff Assistant job 4490, Research Assistant 2914: also very bad on GLBT or gay liaison position where J.Slovinec senses hostility of conservatives at American University to J. Slovinec as a liberal peace activist or high school teacher with links to both American U. and the liberal, pro-gay 44th Ward where he resided until 2004 with end to loans...

5. FBI J. Slovinec applied for Federal Bureau of Investigation job on American U. computer on May 16, 2005: if this was a cause of barring order, it could seem McNair was hostile to F.B.I.: J. Slovinec wrote to U.S. Attorney General Gonzales: "FBI continued to send me e-mails after American U. guards used similar tactics to Brian Reynolds (aide to convicted Il. Gov. George Ryan, a Republican) in above case (02C4124: 7th Circuit, on appeal) who falsely accused me of nursing home inspections without witnesses (my function was medical assistance, no inspections): when I delivered legally protected complaint on food stamps and loan denial, A.U. guards made exaggerated, disruptive statements I was disrupting campus." JUDGE KESSLER IS ASKED IF SHE WANTS MORE ABOUT F.B.I. JOB, OTHER FEDERAL JOBS LATER UNDER SEAL: Mr. Khalid can confer with Dean Goodman and President Kerwin.

6. ALTERNATIVE DISPUTE RESOLUTION J. Slovinec asks Mr. Khalid to confer with Dr. Fisher on if he could agree on mediation or Alternative Dispute Resolution on: recording of Spring 2005 grades with a tuition-and-fee waiver (in earlier 05-7090 settlement proposal) although J. Slovinec might only ask him to grade final and average grades with exception of Arab League paper where section were stolen at CCNV shelter and asking him to write letters or support a new job advisor since J. Slovinec has not found job with use of resume on his program group projects on Kashmir, Pakistan which had an earthquake and Colombia where J. Slovinec wrote to U.S. Secretary of State Rice (05-7090, 3/17/06) where Dr. Fisher did not give proper guidelines on contacts with FARC, a potential source of tension with police in Chicago where Dr. Fisher was also expected to give job references on request. In accordance with Colorado River ruling, J. Slovinec notifies court and Mr. Khalid of existence of issues in 05-7090, U.S. Court of Appeals case: Slovinec v. American U. where denial of relief can only be appealed by writ of certiorari to U.S. Supreme Court by July 13, 2006. If A.U. settled, J. Slovinec could have made plans TO COMPLETE GRADUATE CERTIFICATE OF PEACEBUILDING BY ATTENDANCE AT SUMMER INSTITUTE which starts June 19, 2006. Mr. Khalid is asked to confer with Dr. Fisher to avoid the first major court case where American U. will be accused of discriminating against a Christian, J. Slovinec, because he wanted to write on Arab League: past refusal to grade the Arab League papers gives an appearance of Dulles-era (1950's) repression of discussion of J. Slovinec's criticism of U.S. start of Iraq war without a vote of support by Arab League, Saudi work on the Taif agreement on Lebanon, and the important origins of the Iraq-Iran war in the Shatt-al-Arab dispute. SERVED P.1

SEE P.1 FOR SERVICE
J Slovinec