IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
COLUMBIA, WASHINGTON, D.C.

Joseph Slovinec,                               06-0455
    Plaintiff,
    Vs.                                        gk – Judge Kessler
American University,
    Defendant

MORE DEFINITE STATEMENT AND MOTION FOR COURT TO ORDER SURVEY
OF AGES OF AMERICAN UNIVERSITY EMPLOYEES AS OF MAY 16, 2005

1.    Plaintiff provides a more definite statement by saying his observations indicated

Age discrimination in employment in disregard of 29 U.S. Code 623 and motions to the

court to order a 'statistically Significant survey ' which could reveal "bias" *Khair v*

*. Campbell Soup Co.* 893 F. Supp. 316 (D.N.J. 1995): of ages of American University

employees as of May 16, 2005, in categories of: 20-29, 30-39, 40-49, 50-59, and over

60. J. Slovinec is 48.

2.    Leave of court is asked to accept a single-spaced statement today, May 26, to
      ensure it is handed it in before deadline of May 30:  Plaintiff is limited to use of
      free CCNV shelter typewriter with less than $30 in his only bank account and he
      cannot keep up with expenses of mainstream white or other nationality lawyers
      after he spent $10 on Xeroxing and sending materials to Maryland's Attorney
      General and State's Attorney in a related lawsuit against Montgomery County
      for eviction-related issues.

3.    Plaintiff disagrees with some of Mr. Khalid's statements he had "ambiguity and
      Vagueness": specific jobs are on Appendix D-1 and D-2 of Feb. 1, 2005 and
      document of March 15, 2006.  In regards to Brenda Harner's Human Resources
      office at American University, there was only polite delivery of resumes with
      little conversation and no insults from Brenda Harner's office: her office never
      interviewed J. Slovinec for any position and no other facts and circumstances.

4.    Brenda Harner had told J.Slovinec she was forbidden from interviewing him
      For any American U. jobs due to Public Safety's barring order.  Barring orders
      Are usually for criminals and burglars, and it was wrong and a type of
      harassment and pressure in *Fox v. Lummus Co.* case, 524 F.Supp. 30 (S.D.N.Y.
      1982).  J. Slovinec maintains his activities of May 17 were legitimate business
      including distribution of the letter to Secretary Spellings which seems the main
      cause for McNair's retaliation later the same day with a barring order with no

RECEIVED

MAY 2 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

warnings which was recently extended to 2007, and which J. Slovinec will ask to
court to overrule or end it. If barring was for unpaid bill, American U. should
truthfully disclose it to the court in either this case or a more generalized
defamation case which is not limited to age or race, 2006 CA 003812B in its first
D.C. Superior Court case with an August 25, 2006 conference with Judge
Natalia Combs Greene. JUDGE KESSLER IS NOTIFIED OF THIS CASE IN
ACCORDANCE WITH PARALLELISM IN COLORADO WATER
CONSERVATION DISTRICT V. U.S.. 424 U.S. 800 (1976) after federal Judge
Urbina refused relief in June 2005.   In an EEOC case, J. Slovinec is allowed to
bring up other factors of discrimination in addition to race: see *Cockrell* case,
781 F.2d 173, also *Polstroff v. Fletcher*, (1978, N.D. Ak.), 452 F.Supp. 17.

5.   Mr. Khalid is asked to comment on this single set of circumstances: J. Slovinec
Has a stronger case of constitutionally protected speech because this full list of
Individuals he saw on May 17, 2005 proves he had legally protected business
Or activity that did not interfere with operations: Mr. Kumar consented to talk
About mediation with Dr. Fisher, talks ended politely; April Hornung at
Brenda's office who said or implied J. Slovinec had legal right to file
employment discrimination case, Amanda Taylor where Plaintiff cited legal
right to inspect file under federal Family Educational Rights and Privacy Act 20
U.S.C. 1232 g, Carrie Trybulec (sorry if name was spelled Tribulec, this seems
wrong yet J. Slovinec lacks definite daily access to Internet),  Financial
Aid Office where J. Slovinec had, and still has, legal rights to inspect their
records,  and Darryl Cook: of Financial Accounts after American U. wrote on
April 11, 2005, class registration was cancelled and could be reinstated if
charges were paid (this was one of several notes which was destroyed during
thievery of J. Slovinec's papers): J. Slovinec said he was willing to favor paying
the bill if a loan came in later or if American University gave permission for
remission:  in an effort to please Mr. Khalid, J. Slovinec as a non-employee
would term it a tuition-and-fee waiver which he sought in U.S. Court of Appeals
Case 05-7090 since J. Slovinec was unable to find work at all between April
2005 and March 2006 with earning of less than about $600 since then: that case
will be appealed to U.S. Supreme Court by July 13, 2006 if there is no
settlement.  **IF J. SLOVINEC WAS HIRED TO AN AMERICAN
UNIVERSITY JOB BY THE LAST DAY OF FINAL EXAMS IN MAY
2005, HE WOULD HAVE BEEN ELIGIBLE FOR FREE TUITION
RESMISSION  IN HIS TWO CLASSES AS AN EMPLOYMENT
BENEFIT: THIS WAS A MAJOR INCENTIVE TO APPLY, AND J.
SLOVINEC MAINTAINS FINANCIAL AID DISCRIMINATION
AGAINST HIM EXISTED.**

6.   The next set of circumstances becomes the set of issues in the May 12, 2005
Letter of J. Slovinec which was already given to the court: since a phone call
receptionist at her office said J. Slovinec had the right to file an institutional
grievance against American U., J. Slovinec is asking the court to rule this was
constitutionally protected free speech especially since Dr. Ronald Fisher's

brochure said J. Slovinec has up to four years to complete a two-semester Graduate Certificate in Peacebuilding program, or between August and Autumn 2008. These five issues where McNair and supporters of Spellings unfairly intimidated Plaintiff were: 1. Trying to discuss low balance savings of $1400; 2. Exclusion by Maryland government of J. Slovinec from shelters after Julie Weber wrote eviction threat of May 16, 2005: since this is what Maryland officials actually said, it was protected and McNair was wrong to portray it as impolite or perhaps a threat 3. Criticism of Dr. Fisher for lack of interest in getting foundation money and 4. Dr. Fisher's refusal to grade Arab League papers (sections might be sent to Mr. Khalid today since most of it was stolen by African-Americans at CCNV shelter): this becomes an issue of academic repression since papers criticized Bush's decision to invade Iraq in 2003 without Arab League vote for it, and 5. A letter which was also destroyed where Dean Fisher's students got either federal loans for IPCR program or tuition reimbursement from U.N.-related employers: Dr. Fisher was trying to pressurize J. Slovinec to pay himself when most of Dr. Fisher's students did not seem to use own funds. Court rulings have protected constitutionally protected speech like the Spellings letter: the court has ruled someone who was not affiliated with Princeton was not trespassing when he distributed leaflets on the Princeton campus because Princeton claimed it was open, *State of New Jersey v. Schmid,* 84 N.J. 535 (1980) and on employment-related issues, the court ruled there is First Amendment protection if statement were true, and not threats, *Roper Corp. v. NLRB,* 712 F. 2d 306, 311 (7th Cir. 1983) which the case with J. Slovinec's letter to Secretary Spellings and American U. seems to have similar claims at hours when it is open to the public

PROOF OF SERVICE: In U.S. Mail to Hisham Khalid, American University Legal Counsel, 3201 New Mexico Ave., N.W., Washington, D.C. 20016
Joseph Slovinec, 425 2nd St., N.W., Washington, D.C. 20016 May 26, 2006

*Joseph Slovinec*

*accepts May 19 entry.*

*J. Korner wants*

*until June 19 to reopen*