IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH SLOVINEC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 06-0455 (GK) |
| ) | |
| v. ) | |
| ) | |
| AMERICAN UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

### PARTIES' JOINT RULE 16.3(d) REPORT

Pursuant to Fed. R. Civ. P. 26(f) and Local Rules 16.3(d) and 26.2, the parties hereby submit a brief statement of the case and this report which outlines their Rule 26(f) discovery plan, provides a succinct statement of the parties' agreement as to the fourteen (14) matters set forth in Local Rule 16.3(c), and attaches a proposed Scheduling Order.

### Brief Statement of the Case

Plaintiff alleges that he applied for several employment positions with Defendant and was denied consideration for employment because of his age, 47, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Defendant categorically denies Plaintiff's allegations and asserts Plaintiff's failure to receive an interview for employment at American University has no connection to his age or any other protected classification. Defendant's position is that Plaintiff was not granted any interviews for legitimate business reasons and illegal discrimination had no part in its decision not to interview Plaintiff.

1. **Dispositive Motions**

There are no dispositive motions pending. Defendant plans to file a dispositive motion at or before the conclusion of discovery.

2. **Joinder of Other Parties/Amendment of the Pleadings/Narrowing of Issues**

The parties believe that joinder of other parties is not particularly likely and that joinder of such parties should be governed by the Federal Rules of Civil Procedures or agreement by the parties, to be negotiated subject to the Court's approval when and if the need for joinder becomes apparent.

The parties believe that further amendments of pleadings should be permitted by Fed. R. Civ. P. 15 or as agreed by the parties, subject to the Court's approval.

The parties believe they will be able to agree to narrow the factual and legal issue involved.

3. **Assignment to a Magistrate Judge**

The parties do not wish for the case to be assigned to a Magistrate Judge.

4. **Whether There is a Realistic Possibility of Settlement**

The parties believe there is no realistic possibility of settlement at this time.

5. **Whether the Case Could Benefit From ADR**

The parties disagree as to whether the case could benefit from ADR. Plaintiff believes that this case could benefit from ADR and Defendant believes this case would not benefit from ADR at this time.

6. **Dispositive Motions**

Defendant proposes a Track Two (Standard) Schedule. Plaintiff disagrees but does not offer an alternate schedule at this time. Under Defendant's proposal, dispositive

motions for Defendant must be filed by November 27, 2006. Plaintiff will have until December 12, 2006 to respond and Defendant may file a reply by December 27, 2006.

7. **Rule 26(a)(1) Initial Disclosures**

The parties believe that it is appropriate to dispense with the initial disclosures required by Rule 26(a)(1).

8. **Discovery Matters**

   A. **Commencement of Discovery**

The parties agree to commence discovery on July 1, 2006.

   B. **Extent of Discovery**

The case should involve the normal exchange of interrogatories, request for documents, requests for admissions, and depositions.

   C. **How Long Discovery Should Take**

Defendant believes discovery can be completed within 120 days, or by October 30, 2006, whichever is later, with additional time as may be ordered by the Court. Plaintiff disagrees with the completion date proposed by Defendant and states that he wants no discovery conducted during September and October.

   D. **Limits on Discovery**

The parties do not currently see the need for any limits on discovery other than what is contained in the Federal Rules of Civil Procedures and the Rules of this Court.

   E. **Protective Order**

Should a protective order become necessary, the parties will attempt to agree to the form of a suitable proposed protective order to present to the Court in advance of the exchange of any documents.

F.  **Dates for Completion of Discovery**

Defendant believes that discovery will be completed by October 30, 2006. Plaintiff disagrees with the completion date proposed by Defendant and states that he wants no discovery conducted during September and October.

9.  **Experts**

Defendant proposes the following schedule pertaining to experts. Plaintiff disagrees with the dates proposed below and states that he wants no discovery conducted during September and October.

(a) Plaintiff will designate its expert and make the required Fed. R. Civ. P. 26(a)(2) disclosures by August 29, 2006;

(b) Defendant will designate its experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures by September 28, 2006;

(c) Plaintiff will identify rebuttal experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures by October 2, 2006;

(d) The parties will make their experts available for deposition within 10 days of the designations and disclosures pertaining to the expert.

10. **Class Certification**

This is not a case involving class certification.

11. **Bifurcation of Discovery and Trial**

The parties do not currently envision bifurcation of trial but reserve their rights on the subject.

12. **Pretrial Conference**

The parties agree that the final pretrial conference, if any, should be held within

30 days after rulings on dispositive motions.

13. **Trial**

The parties do not believe the Court need set a firm trial date but should rather, at this time, provide only that trial, if any, will be set at the final pretrial conference.

14. **Other Matters**

Defendant also wishes to bring to the Court's attention the fact that Plaintiff has filed a civil action case against Defendant in DC Superior Court alleging a number of federal and state claims arising out of his barring from Defendant's premises. Defendant is seeking to remove that matter from DC Superior Court and consolidate the case with this matter. Plaintiff disagrees with consolidating the cases. [handwritten: June 2005 Judge Urbina ruled defamation in DC issue not a federal issue. Plaintiff agrees mostly to avoid delaying American U. which will receive report + correct errors by July 1.]

The Defendant's Proposed Scheduling Order is attached.

Respectfully submitted:

_/s/ Hisham Khalid_
Hisham Khalid
D.C. Bar No. 44594
Office of General Counsel
American University
3201 New Mexico Avenue, NW, Suite 270
Washington, DC 20016-2724
(202) 885-3285

_/s/ Joseph Slovinec_
Joseph Slovinec
Pro se Plaintiff
425 Second Street, NW
Washington, DC 20001