IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Joseph Slovinec, 06-0455
   Plaintiff,

v.

American University,    gk – Judge Kessler
   Defendant

URGENT OR NEAR-EMERGENCY MOTION AGAINST CONSOLIDATION OF CASES UNLESS PLEADING IS REWRITTEN; REPEAT OF REQUEST FOR ALTERNATIVE DISPUTE RESOLUTION AND USE OF COURT SOCIAL SERVICES BY PLAINTIFF; AND REQUEST SAME STANDARDS, NOT DOUBLE STANDARDS, IN REVIEW OF DIFFERING VIEWS ON JUDGE URBINA'S RULING OF JUNE 2005 AND HER HONOR'S RULING OF AUGUST 2005

1. Plaintiff has properly received Hisham Khalid's request for consolidation of 06-455 and new Case 1:06-CV-0143 which American University insisted on removing from D.C. Superior Court and to which Plaintiff today objects BECAUSE THERE WAS NO HEARING BEFORE A D.C. JUDGE, AND ATTORNEYS SENT PLAINTIFF'S PLEADING TO WRONG ADDRESS of: Joseph Slovinec, 4252 N St., N.W., when this court and Mr. Khalid have Plaintiff's proper address at 425 2nd St., N.W.: these mistakes should be avoided in the future since they could cause sanctions for attorneys in Case 06-1143 Christopher Hassell and Christine Ramaruram of Bonner Kiernan et al. as harassing, frivolous, or contrary to fact, lacking evidentiary support: Rule 11.

2. a. DECORUM Plaintiff reminds Judge Kessler and U.S. Marshal that Plaintiff had many polite conversations with U.S. District Court Judge Charles Norgle and Magistrate Judge Nan Nolan in Case 02 C 4124, Slovinec v. Il. Dept. of Human Services in 7th Circuit, Chicago, Il. and a similar polite status hearing on nursing home inspections with U.S. District Court Judge Mark Filip in July 2004: Plaintiff acknowledges his reputation was affected when on only one occasion, Plaintiff had a temper outburst against James Ryan's Assistant Attorney General Deborah Allen, who also worked for Lisa Madigan, when Allen falsely accused J. Slovinec of contempt of court and violating Judge Filip's instructions by filing a qui tam lawsuit (Filip agreed both knew Filip refused to put material under seal) and on Jan. 5, 2005 U.S. Marshal escorted J. Slovinec from room. Allen's pleadings could be reviewed in this case. Today's hearing should go smoothly yet Judge Kessler is asked to avoid confusion: J. Slovinec had politely discussed differences on rulings with Judge Filip.

B. SAME STANDARD FOR REVIEW OF BOTH RULINGS

At the present time, J. Slovinec intends to file two writs of certiorari with U.S. Supreme Court to denounce two U.S. Court of Appeals rulings which were responsible for leaving him in the CCNV homeless shelter like a detention center for ten months from August 2005 to June 2006 with only 88 cents in his only D.C. savings account in Autumn 2005 and zero from Jan. to March 2006: J. Slovinec will say U.S. Court of Appeals was wrong to deny that irreparable harm occurred under the balance of hardships, and the U.S. Supreme Court supported the use of these factors as tests in *ebay v. Merc Exchange*, No. 05-130, See (2005 US LEXIS), and lack of money severely damaged his 14th Amendment liberty interests to "contract" or "engage in any of the

RECEIVED
JUN 3 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

common occupations of life", *Meyer v. Nebraska*, 262 U.S. 390 (1923). American U. seems to agree with what J. Slovinec privately thought of the Urbina ruling although respect for the judiciary caused J. Slovinec to follow Judge Urbina's directions with filing a defamation case in D.C. Superior Court and considering an appeal to U.S. Supreme Court when U.S. Court of Appeals refused to overrule Urbina. However, one cannot lightly ignore a ruling of a federal judge, and if Judge Kessler wants to consolidate both cases, Judge Kessler is asked to require American U. to rewrite the pleadings on consolidation to: 1) eliminate any address error, 2) address why this court should hear it when McNair threatened arrest under a D.C. Ordinance 22-3302 and not all his negative publicity on barring was linked to employment, a federal issue, and 3) specifically say what American U. felt was wrong with Judge Urbina's ruling where McNair seemed more sympathetic to reviewing a barring order McNair maliciously extended until 2007 without cause, or perhaps a hopeless case of trying to collect money which could never be paid in full with income to June 2006: Judge Urbina's June 27, 2005 wrote: "Plaintiff's notation on the attachment suggests that he is appealing the barring notice through the procedures set forth therein. In any event, the complaint brought only against American University reveals no basis for federal court jurisdiction." It is not in Plaintiff's interest to totally discredit the Urbina ruling since Plaintiff alleges conditions subsequent in his bank accounts in an unstable situation proved irreparable harm occurred when Judge Urbina refused to order "free tuition and housing" in a "temporary restraining order" (Id. At Urbina, 6/27/05)

3. If Your Honor Judge Kessler chooses to grant a motion to consolidate both Cases, this would set a precedent where J. Slovinec could ask Your Honor (henceforth Her Honor) Judge Kessler to review Her Honor's order of August 19, 2005 which refused J. Slovinec's request for a court order for federal loans of $18,500 to pay for an offer to attend an Education program at Roosevelt University in Chicago, Illinois for Sept. 2005 – May 2006 on Her Honor's claim the court lacked jurisdiction over federal student loans): citations on the appeal. 05-5372, Slovinec v. Muncie proved issues were in 34 CFR 674, 20 U.S.C. 1078, and 34 CFR 682 and the atmosphere is more antagonistic since although Her Honor could not foresee it, a conservative panel of U.S. Court of Appeals judges Chief Judge Ginsburg, Judges Tatel and Griffith stubbornly refused to order Spellings to give J. Slovinec loans even when they were informed it was the only alternative to food stamps which J. Slovinec has used ever since August 2005. A writ of certiorari is due on that case not later than September 1, 2006,

4, THE COURT IS ASKED TO USE A MEDIATOR ON JULY 3, 2006 FOR J. SLOVINEC TO DISCUSS ALL PENDING FEDERAL COURT CASES ON AMERICAN U.: there is too much confusion.

HAND-DELIVERED TO: Hisham Khalid for American U.
Joseph Slovinec, 425 2nd St., N.W., Washington, D.C. 20001

*Joseph Slovinec*

APPENDIX A: PROPOSAL FOR ALTERNATIVE DISPUTE RESOLUTION IN CASE 06-455 OF OTHER UNRESOLVED ISSUES IN URBINA RULING

Hisham Khalid is asked to deliver this letter:

June 29, 2006

Nicole Campbell
Director of Admissions
American University School of International Service
4400 Massachusetts Av., N.W.
Washington, D.C. 20016

Dear Ms. Campbell:

Please arrange for a visit where I can inspect my student file. American U. regulations allow me to see it since I was enrolled although I cannot make copies with a dispute on whether I can use a loan or future foundation gift to pay an unpaid bill. I must see the file by July 12, at the latest, to avoid filing a writ of certiorari with U.S. Supreme Court to appeal U.S. Court of Appeals ruling which refused me any relief after Judge Urbina omitted the FERPA file from his ruling. American U. is still obligated to obey this law under the U.S. Supreme Court ruling Owasso V. Falvo 122 S.Ct. 934 (2002). Public Safety Chief McNair is asked to allow only one visit like he did with Lt. Spencer on a legally required visit to Ingrid Valentine of Financial Aid on food stamp form.

Sincerely yours,
Joseph Slovinec
425 2nd St., N.W.
Washington, D.C. 20001

ON DR. FISHER: In order to preserve any goodwill, it is better to use ADR to discuss issues with him before July 13: J. Slovinec completed work and it should not be recorded as Incomplete or F grade; publicity on his refusal to grade paper could offend author and Arab League Ambassador Hussein Hassouna when Egypt has a rough time hosting meeting on the current Iraq war which the Arab League did not vote for. Thanks.

NOTE TO COURT CLERK
A COURTESY COPY FOR JUDGE AND COUNSEL IS AVAILABLE AT 6/30/06 HEARING FOR REDUNDANT ITEM NOW IN COURT RECORDS:
S. DISTRICT CT. D.C. 05-1293, ITEM 4, URBINA MEMORANDUM JUNE 27, 2005