IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Joseph Slovinec,
   Plaintiff,
  Vs.
American University,
   Defendant

06-455
(gk)Judge Kessler

Discovery end date: Nov. 1
Dispositive motions due: Dec. 1

MEMO ON DEFICIENCIES: THERE WERE NO INTERROGATORIES SIGNED UNDER OATH : FIRST DISCUSSION OF POTENTIAL SETTLEMENT UNDER 42 U.S.C. 1981A

1. Plaintiff J. Slovinec notifies the court he informally agreed with American U. Legal Counsel Mr. Khalid to make a second request for answers to interrogatories during November with citations to prove relevance to case. Plaintiff does not waive any rights to object to lack of timely answers to interrogatories by November 1 especially motion for default judgment. Mr. Khalid lacks understanding that the original complaint included Dr. Ronald Fisher's financial aid discrimination, and this is directly related to discriminatory practices of Dr. Fisher in refusal to give permission to use his name as a reference in middle of job search because Plaintiff could not get emergency loan from American U. to pay his bill.

  2. After careful review, Plaintiff determined on October 24, 2006, **Defendant's Response to Plaintiff's First Request for Interrogatories** does not comply with Fed.R.Civ. P. 33 because :a) no one signed it under oath and b) questions were not answered when there was no reasonable privilege: "Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection **and shall answer to the extent the interrogatory is not objectionable.**" Fed.R.Civ.P. 33 (b)(1). Mr. Khalid lacks "specificity" in objections where Fed.R.Civ. P. 33(b)(4) requires an issue like a statute. He includes claims which are not specific like "beyond the permissible scope of discovery" and "invasion of privacy" without evidence.

  3. Mr. Khalid waited to respond more than than the recommended "30 days after service of interrogatories." Fed.R.Civ. P. 33 (b)(3).

4. Plaintiff J. Slovinec is uncertain on what type of dispositive motion he might file and hopes to consult an attorney which is difficult in downtown Washington, D.C.. Citations have differing views on his main choices: Plaintiff has rights by November 30 to "move for an order compelling an answer' Fed.R.Civ. P. 37 (a) (2) if "party fails to answer interrogatories", or, in a differing view, " The proper remedy for failure to answer interrogatories is motion for judgment by default, and not a motion to require answers to

RECEIVED
NOV 13 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

interrogatories.", *U.S. For Benefit of General Support Corp. v. W.E.O'Neil Const. Co.,* (1940, D.C. Mass.), 1 FRD 529. Plaintiff does not currently believe a motion for summary judgment is appropriate: most evidence points to material facts of age discrimination, and Ms. Harner can claim she hired someone with appropriate producer, elections, and other experience in some yet not all cases.

4. Plaintiff J. Slovinec is considering an immediate settlement offer by November 30 which might be too complicated for American U. to achieve, yet it is a better option than a default judgment which is blocked often in Illinois federal courts: a settlement would include an order to:
   a) compel hiring to either an American U. job on list or current job or active American U. role in negotiating for entry level job with use of Master's Degree in History or Master's Degree in International Affairs or entry-level job on International Peace and Conflict Resolution list: it include a job other than American U. like Carter-Baker Commission and paid training for the first six months.
   b) Ask for Plaintiff believes in a minimal level of damages of $50,000, the compensatory damages level for a business of 15-50 employees in 42 U.S.C. 1981a where Plaintiff is allowed to ask for two types of damages: backpay and compensatory damages, in addition to the employee benefit of tuition remission for Spring 2005: if an annual salary is $15,000 the $50,000 is 18 months of back pay from May 2005 to November 2006 at $37,500 and $12,500 for compensatory damages for isolation from professional community, manipulating him to use homeless shelter programs, and other reasons:
   c) It would include a lifting of the barring order with no objectionable activity in J. Slovinec's one permitted visit to Lt. Spencer with papers for Ingrid about June 24, 2005, and one refused attempt to give a guard papers for Legal Counsel in August 2005, and also include dropping of 06-1143.

SPECIFIC OBJECTIONS TO CLAIMS OF PRIVILEGES

5. **Mr. Khalid is requested to ask staff to answer these questions with no privileges:** Interrogatory 1 to Brenda Harner: Issues of the barring order as retaliation for talk of filing a complaint, and prevention of job interviews. A "materially adverse change", are "admissible" despite Mr. Khalid's contrary claims after "retaliatory acts" were defined in *Burlington Northern and Santa Fe Rail Way Co.v. Sheila White,* U.S. Supreme Court 05-0259, June 22, 2006. Interrogatory 6: The Clinton Administration believed in rights and responsibilities for job search: it is "admissible" to discuss in court the federally specified University Career Center and "job search advising roles of Dean Goodman, Dr. Fisher, and Lochlann Boyle" Jan.-May 2005: when this did not work, J. Slovinec was forced into dependency on Food Stamp Employment Training program. In an EEOC court cases, both sides can discuss if applicant used "reasonable diligence in finding other suitable employment", *Hawkins v. 1115 Legal Services Corp.* 163 F.3d 684 (2nd Cir. 1998) and it is a public policy

*1115 Legal Services Corp.* 163 F.3d 684 (2nd Cir. 1998) and it is a public policy issue where Welfare Reform Act gives legal rights to seek work and avoid welfare, U.S. Department of Education website has programs on Vocational Education, Office of Postsecondary Education  See Public Policy 4.25 in *Danner Edwards;Pattern Discovery Employment Labor Law;* Interrogatory 7: Dean Goodman's answer is OK except it omits his 2004 mail inserts of a list of employers and financial aid sources with his letter, Interrogatory 8: it was bad for Dean Goodman to not respond to "it was not good idea for American U. to keep me on campus with neither financial aid nor a job, See Gratz v. Bollinger; Interrogatory 9: Plaintiff J. Slovinec maintains it is an error for Hisham Khalid to say :interrogatory not relevant to subject matter of pending action" Fisher's Summer Institute was mainly for wealthy employees of the United Nations and oil companies who probably paid tuition and International Peace and Conflict Resolution students who received federal loans: Fisher tried to insist J. Slovinec only use private loans, not federal ones, and when Ingrid Valentine would not give emergency loan, it was proximate cause for Fisher's refusal to give permission for reference, an issue 3.4 Pre-Employment References in Danner and Edwards and in original Complaint; Interrogatory 10: Senn High School does better with creating job links for apprentices than American University School of International Service does for students who are not hired by federal civil service""no access to "urgent or displaced workers' program" public policy in 4.25 Danner Edwards.  Interrogatory 11: Question for Bishop Schol is narrowed to ask if there is homeless shelter during winter at Metropolitan Memorial United Methodist Church and if United Methodist Church is trying to avoid future bad social services for evicted  recent ex-American U. students like where "caseworkers for ex-offenders and substance abusers do not have right skills to advice  evicted AU students on job search Interrogatory 12: Sanctions could result if Fisher does not answer question on his verbal referral of J. Slovinec to use Lochlann Boyle's job placement office in March.  Question 15:Courts have ruled academic freedom is an issue, and the court ruled discrimination in an EEOC case included insulting comments on an employee's Egyptian heritage and dislike of use of U. S. troops in Middle East during Iraq-Kuwait war of 1990 in Khair v. Campbell 893 F. Supp. 317

6. **DOCUMENTS:** discovery results are acceptable except Plaintiff still wants production of May 2005 letter of Dr. Fisher to Dean Goodman on job or school – related reference and records of Ingrid Valentine which might have been destroyed. .

7. **Please see attached letter from Congressman Chris Van Hollen: his conversation with Ingrid contradicts Dean Goodman's claims Peacebuilding was qualified for private loans and need-based aid which was not federal loans.**
PROOF OF SERVICE: In U.S. mail to: Hisham Khalid, American U. Legal Counsel, 3201 New Mexico Av., N.W, Washington, D.C. 20016
Joseph Slovinec, 425 2nd St., N.W., Washington, D.C.20016 November 13, 2006

*Joseph Slovinec*   3

**CHRIS VAN HOLLEN**
8TH DISTRICT, MARYLAND

**COMMITTEE ON
EDUCATION AND THE WORKFORCE**

**COMMITTEE ON GOVERNMENT REFORM**

**COMMITTEE ON THE JUDICIARY**

1419 LONGWORTH HOUSE OFFICE BUILDING
WASHINGTON, DC 20515
(202) 225-5341

DISTRICT OFFICES:
51 MONROE STREET, #507
ROCKVILLE, MD 20850
(301) 424-3501

3409 RHODE ISLAND AVENUE
MOUNT RAINIER, MD 20712
(301) 927-5223

www.house.gov/vanhollen

# Congress of the United States
## House of Representatives
### Washington, DC 20515

November 1, 2006

Mr. Joseph Slovinec
425 Second Street, NW
Washington, DC  20001

Dear Mr. Slovinec:

I am writing with respect to your request for any correspondence with Ms. Ingrid Valentine that I have on file regarding your case.

I have enclosed a copy of the letter I sent to Ms. Valentine on July 14, 2005. Ms. Valentine responded to my inquiry by telephone and advised me that the program you were enrolled in at American University did not qualify you for financial aid.

I hope this information is helpful to you.

Sincerely,

Chris Van Hollen
Member of Congress

APPENDIX A
U.S DISTRICT CVO
06-455 11/13/2006

**CHRIS VAN HOLLEN**
8TH DISTRICT, MARYLAND

COMMITTEE ON
EDUCATION AND THE WORKFORCE

COMMITTEE ON GOVERNMENT REFORM

COMMITTEE ON THE JUDICIARY

# Congress of the United States
## House of Representatives
### Washington, DC 20515

1419 LONGWORTH HOUSE OFFICE BUILDING
WASHINGTON, DC 20515
(202) 225-5341

DISTRICT OFFICES:
51 MONROE STREET, #507
ROCKVILLE, MD 20850
(301) 424-3501

3409 RHODE ISLAND AVENUE
MOUNT RAINIER, MD 20712
(301) 927-5223

www.house.gov/vanhollen

July 14, 2005

Ms. Ingrid Valentine
Financial Aid Office
American University
4400 Massachusetts Avenue, N.W.
Washington, DC 20016

Dear Ms. Valentine:

    I am writing on behalf of my constituent, Joseph Slovinec, who has contacted me for assistance in obtaining benefits from the Maryland Department of Social Services.

    Mr. Slovinec has advised me that the Department of Social Services will not consider his application until a copy of the enclosed form, completed by the Financial Aid Office, is returned to his case manager, Mr. Joseph Urbina. He has requested that this form be returned to my office so that I may submit it on his behalf.

    I would appreciate your reviewing this matter and advising me of your findings. All correspondence can be sent to the following address:

        51 Monroe Street, Suite 507
        Rockville, MD 20850
        FAX: (301) 424-5992

    If you need additional information, please contact Char Rosnick in my Rockville office at (301) 424-3501.

    Thank you for your assistance.

Sincerely,

*Chris Van Hollen*
Chris Van Hollen
Member of Congress

CVH/cr

APPENDIX B
U.S. DISTRICT CRT
06-455
NOV. 2006

THIS STATIONERY PRINTED ON PAPER MADE OF RECYCLED FIBERS

Slovinec, Joseph

University Positions Applied For

DOB 02/26/1958

| POS # | POS Title | Department | Division | Date Opened | Date Closed | Slovinec's Application Rec'd | # of Candidates Interviewed | Interviewed Candidates Resumes on file | Age of the Person Hired |
|---|---|---|---|---|---|---|---|---|---|
| 1402 | Communications Specialist | Safety and Security | Office of Finance & Treasurer | 5/6/2004 | 1/24/2005 | 1/19/2005 | Three | Three | |
| 4299 | Assoc. Dir. of the Cntr for Democra | VP of International Affairs | Office of International Affairs | 12/14/2004 | 3/11/2005 | 1/19/2005 | No Documentation | One (candidate hired) | 44 |
| 4480 | Staff Assistant | VP of International Affairs | Office of International Affairs | 1/12/2005 | 2/23/2005 | 1/19/2005 | Five | Five | 39 |
| 5386 | Producer | WAMU - 88.5 | Office of the President | 1/14/2005 | 1/24/2005 | 1/19/2005 | Nine | Nine | |
| 1717 | Administrative Assistant | Communication, School of | Office of the Provost | 1/10/2005 | 3/2/2005 | 1/19/2005 | Six | Six | 24 |
| 1897 | Document & Imaging Specialist | Office of Enrollment | Office of the Provost | 1/14/2005 | 2/1/2005 | 1/19/2005 | Three | Three | 40 |
| 4628 | Program Coordinator | Public Affairs, School of | Office of the Provost | 1/4/2005 | 3/17/2005 | 1/19/2005 | Four | Four | 33 |
| 3617 | Grant and Contract Manager | Research Development | Office of the Provost | 11/12/2004 | 2/24/2005 | 1/19/2005 | Four | Four (including person hired) | 49 |
| 2914 | Research Assistant | SPA: Justice, Law & Society | Office of the Provost | 1/4/2005 | 3/14/2005 | 1/19/2005 | Six | One (candidate hired) | No person hired for the position. |
| 4041 | Administrative Assistant | Washington Semester Program | Office of the Provost | 1/10/2005 | 2/5/2005 | 1/19/2005 | Five | Five | 27 (Hired applicant declined position) |
| 5412 | Lead Researcher, Shared Goals | Education | Office of the Provost | 2/8/2005 | 4/19/2005 | 4/5/2005 | Three | Three | 30 |
| 5422 | Educational Technology Specialist | Education | Office of the Provost | 2/9/2005 | 4/26/2005 | 4/5/2005 | Four | Four | 21 |
| 1058 | Academic Counselor | International Service, School of | Office of the Provost | 1/25/2005 | 4/5/2005 | 4/5/2005 | No Documentation | No Documentation | 33 |
| 1877 | Customer Relations Representative | Office of Enrollment | Office of the Provost | 3/4/2005 | 4/8/2005 | 4/5/2005 | Seven | Seven | 28 |
| 3673 | Administrative Assistant | Public Affairs, School of | Office of the Provost | 3/1/2005 | 4/6/2005 | 4/5/2005 | Five | One (candidate hired) | No person hired for position. |
| 5473 | Program Coordinator, Gay Lesbian Bi | AVP Campus Life | Office of Campus Life | 4/20/2005 | 5/27/2005 | 4/25/2005 | No Documentation | One (candidate hired) | 23 |
| 5470 | Project Coordinator-Commission on F | VP of International Affairs | Office of International Affairs | 4/18/2005 | 4/25/2005 | 4/25/2005 | Zero | Zero | 24 |
| 1713 | Senior Administrative Clerk | International Service, School of | Office of the Provost | 4/21/2005 | 6/8/2005 | 4/25/2005 | Three | Three | No of the interviewed candidates were hired. Position later filed on 08/08/05. Age-29. |

APPENDIX C
FROM AMERICAN V. FILE
NOV 12, 2008
CALLED "TAB B" OF OCT. 24, 2008