IN THE UNITED STATES DISTRICT COURT, DISTRICT OF COLUMBIA

Joseph Slovinec,
   Plaintiff,
vs.
American University,
   Defendant

06-455
(gk) Judge Gladys Kessler

DISPOSITIVE MOTIONS DUE DEC. 1

## MOTIONS FOR INTERVENTION

Motion One: Plaintiff Joseph Slovinec motion the court that he wants to ask for conditional intervention of U.S. Attorney General Alberto Gonzales on issues of disregarding his civil, constitutional, and economic rights related to trial of American University.
NOTES ON MOTION: these include 42 U.S. Code 1983 questions where Joseph Slovinec needs to ask the U.S. Department of Justice to appoint a legal counsel for him with lack of financial resources and Judge Kessler's earlier refusal for the court to appoint a legal counsel for him; provision of information about the corruption trial and conviction of former Governor George Ryan of Illinois and any U.S. Department of Justice records on 02 C 4124, where J. Slovinec believes the Freedom of Information Act ruling is on a Dept. of Justice website, and J. Slovinec is obligated to inform American University of this employment discrimination action against him for complaining on illegal misuse of his computer for a fake patient discharge and the most recent status of its appeal in U.S. Court of Appeals in Chicago which violated J. Slovinec's due process rights under the 14th Amendment to the U.S. Constitution by not informing him of the ruling on appeal, if any, or any action since May 20, 2005, vague claims of "resolving" it . 02 C 4124 was pending when J. Slovinec left Illinois to attend American University in January 2005, a decision he often believes was unwise, and American University needs advice on whether J. Slovinec has other options like returning to Illinois. **Limited intervention would include information, mediation services, and advice to both parties on: prospects of his gaining employment or an order to compel employment through the Food Stamp Employment Training program because he is on food stamps; prospects of grants or funds for additional jobs programs to help him end dependency of residence at the CCNV homeless shelter since August 2005; issues of the McKinney-Vento Act which American U. and Montgomery County, Maryland, did not observe when Plaintiff J. Slovinec was evicted from an American University dorm and refused shelter or effective jobs programs in Maryland.**

Motion Two: Plaintiff Joseph Slovinec motions for U.S. Attorney General Alberto Gonzales to intervene on his side in the age discrimination action against American University and reverse the decision of the Equal Employment Opportunity Commission to neglect Joseph Slovinec's case since discovery indicates age discrimination occurred. In a document, "Tab B, University Positions Applied For: in American U.'s files, an age survey of 18 positions indicates that for 12 of the positions, someone under 40 was hired which gives evidence of age discrimination including several positions where American U. hired someone with less office work experience and less education than J. Slovinec.

**RECEIVED**
NOV 29 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SECOND PAGE – MOTION FOR INTERVENTION – PLEADING FOR MOTION - PLAINTIFF ASKS FOR RESPECT OF RIGHTS UNDER FEDERAL RULES OF CIVIL PROCEDURE 15 AND 24

1. Plaintiff in this case asks for requirement of use of Federal Rule of Civil Procedure 15 on Amended and Supplemental Pleadings : "the party may so amend it within 20 days after it is served": Plaintiff has scheduling difficulty in completing several dispositive motions by December 1 and Plaintiff is emotionally agitated after a theft of his medicine for heart and high blood pressure from the Community for Creative Nonviolence homeless shelter where he has been forced to reside against his will since August 19, 2005 due to actions of defendant American University, Montgomery County, Maryland and bureaucrats who work for Mayor Anthony Williams of Washington, D.C.. Plaintiff also believes it is better for the U.S. Department of Justice to wait to make a decision on intervention until at least December 18, 2006.

2. The U.S. Department of Justice has the right to intervene if Plaintiff does not believe conditions are right to hold a fair trial against American University in the District of Columbia for two main reasons: Plaintiff cannot afford a legal counsel and Judge Kessler has refused to appoint a court-appointed legal counsel during a conference on June 30, 2006, so the U.S. Department of Justice is asked to appoint a legal counsel; and despite agreements on several issues, Judge Kessler and Judge Huvelle have disrespected Plaintiff's status as a homeless shelter resident by requiring him to keep discovery materials at CCNV homeless shelter against his wishes and the U.S. Attorney General is asked to investigate U.S. Court of Appeals Case 06-7039 where after Plaintiff was evicted from an American University dorm, Judge Huvelle told him he could not maintain an action for less than $75,000 (see 28 U.S.C. 1331-1332) and she and U.S. Court of Appeals, perhaps unwittingly, encouraged Vera Johnson of Montgomery County to breach a contract to pay Plaintiff $300 for his Chicago storage facility and an employee named C. Colvin to falsely claim Montgomery County never received a request from J. Slovinec for eviction assistance services on July 29, 2005.

3. LEGAL COUNSEL: .**Plaintiff has conclude U.S. Attorney General Alberto Gonzales is able to make an "(a) Intervention of Right…when a statute of the United States confers an unconditional right to intervene) under 42 U.S.C. 1983 since courts have held there is a constitutional right to legal counsel especially in an EEOC case:** The U.S. District Court should consider three factors where the court can appoint a legal counsel: 1) Plaintiff's financial Resources where Plaintiff has only earned about $1500 since January 2005 and only has $141 in the bank, and is in forma pauperis; 2) efforts to obtain legal counsel where Plaintiff has only obtained one legal firm, the Washington Legal Clinic for the Homeless which limited its efforts to a talk between Scott Mc Neely there and Mayor Williams to keeping Plaintiff at CCNV shelter which tried to force him to move to a worse shelter, Franklin Shelter, where he would have to leave at 7 A.M. and not have a locker to keep belongings with refusals of representation from Neighborhood Legal Services' Lucy Newton and Lawrence

Klute, and Washington Lawyers' Committee (for Human Rights)Jasmine Miller, THIRD PAGE
Covington and Burling pro bono service which says it represents American U., and several law school clinics which refused because it is late in the semester, and 3) if Plaintiff's claims appear to have merit: American University's own age survey for the 18 positions indicates age discrimination occurred when applicants under 40 were hired for 10 of 12 positions yet American U. persists in seeking adverse motions including, probably, summary(for 3 factors: see *Henry v. Detroit Manpower Dept.*, (1985, CA6) 763 F.2d 757. Appointment of counsel can be made when exceptional circumstances are present under 28 U.S.C.S. 1915, *Robbins v. Maggio* (1985 Ca. 5), 750 F2d . **Appointment of a counsel by U.S. Department of Justice or court is appropriate when Plaintiff, a pro se, tried to represent himself (which Judge Kessler tried to require because Plaintiff looks like a wealthy white yet became indigent in Washington, D.C.) and found too much difficulty in attempting to negotiate with American University and 'conflicting testimony",** issue in *Johnson v. Williams* (1986, CA8, 788 F2D 319: Congressman Van Hollen sent Plaintiff letter where he wrote Ingrid Valentine told his office on phone the Peacebuilding program of Ronald Fisher at American U. did not qualify Plaintiff for financial aid, and this contradicted statements of Dean Louie Goodman that Peacebuilding students were qualified for private loans and certain types of need-based aid (which included emergency loans) with specific exclusions only of federal loans and merit-based scholarship-type awards. American U. attorney Hisham Khalid did not correct an error in a defense where he wrote J. Slovinec did not exhaust all administrative remedies.

4. Plaintiff maintains more rights for intervention exist under Fed.R.Civ. P. 24 a) and B) including lack of advising to Plaintiff on job training or grant programs to end his dependency on food stamps from American University and governments of Montgomery County, Maryland, and D.C. and Plaintiff is "situated" where it is difficult to get honest information from U.S. Court of Appeals on status of a case where he has a constitutional right to rehearing related to George Ryan's administration: U.S. Dept. of Justice investigations of George Ryan and American U. President Benjamin Ladner's finances motivated this motion and U.S. Dept. of Justice is asked to investigate overlapping issues in those cases and this one.

PROOF OF SERVICE: To: U.S Attorney General Alberto Gonzales, 950 Pennsylvania Av., N.W., Washington, D.C. 20530 and American U. Legal Counsel Hisham Khalid, 3201 New Mexico Av., N.W.., Washington, D.C. 20036
Joseph Slovinec, 425 2nd St., N.W., Washington, D.C. 20001
Appendix A: to U.S. Court of Appeals, Chicago, Illinois

*Joseph Slovinec*

The court and defendant are notified that only Mr. Gonzales was sent information on Ronald Fisher in the August 15, 2006 "Request for Use of Expert Materials (earlier denied to him) and his Peacebuilding program: these relate to today's news on President Bush's meeting with Prime Minister Maliki of Iraq.

APPENDIX A 06-455 WASHINGTON, D.C.

    The U.S. Court of Appeals, 219 S. Dearborn, Chicago, Il, is asked to send all information on the appeal of 02-4124 Slovinec vs. Illinois Dept. of Human Services, ILRB, ET AL. which was 05-1699 or 05-6199 where court has neglected to send Plaintiff pleadings since May 20, 2005: this is needed for above employment discrimination case in Washington, D.C. federal court and J. Slovinec's request for U.S. Attorney General Alberto Gonzales to investigate actions of employees of ex-Governor George Ryan and Attorney General James Ryan on above case.

Please send to: Joseph Slovinec, 425 2nd St., N.W., Washington, D.C. 20001