IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Joseph Slovinec,
   Plaintiff,
   Vs.

American University,
   Defendant

06-455
(gk) Judge Gladys Kessler

Dispositive Motions due Dec. 1

COVER SHEET FOR U.S. ATTORNEY GENERAL GONZALES ON MOTIONS, ISSUES CONNECTED TO INTERVENTION

Mr. Attorney General, I send greetings and wanted a more complete explanation of reasons for my request for intervention and I'll send more pleadings. . I resided in Chicago, Illinois 1989-2004 and I was suing for reinstatement to an Illinois job after convicted ex-Governor George Ryan's administration laid me off. American U.'s legal counsel has questions on my past in Chicago where it would be better if you would contact individuals on above case and DePaul issues of my uncompleted programs: DePaul's legal counsel is named Jose Padilla, unfortunately the same name as a terrorist. American University allowed me to start a Graduate Certificate in Peacebuilding in January 2005 which seemed to protect their interests after the Bush-Kerry Presidential race. I wanted to start at American U. in August 2004 when I had $23,000 and in February 2005 I had $8700 which was in excess of the $5000 tuition bill. American University Graduate Certificate in Peacebuilding Director Ronald Fisher seemed well-intentioned yet he wrecked my budget on expensive lodging including for hotel rooms before American U.'s dorm, the Park Bethesda, let me in on Feb. 28. Although I was unemployed, American U. tried to insist that I only use private loans and was hostile after I got turned down for every loan: after American U. would not give me an emergency loan in the catalog, American U. evicted me where I ended up on food stamps in a homeless shelter. Mr. Khalid does not understand he needs to answer questions about American U. job advising and creating homelessness. About Labor Day, Fisher sent me an insulting e-mail at my homeless shelter where he tried to insist I pay his bill when I had only 88 cents in my only D.C. account. I hope to work on pleadings soon where you can review the professional activities in two classes of Peacebuilding at American U.: a project on Kashmir peace talks between India and Pakistan with Dr. Fisher where I got an A, my talk on the Carter Center election observers and Venezuela for Dr. Fisher with A-, 100% on my speech on the Iraq-Kuwait crisis of 1961 in Hussein Hassouna's book for Dr. Nan's class, 88% on a paper on Colombia peace talks with FARC rebels for Professor Nan, and a role play on Northern Ireland for Dr. Nan. Dr. Fisher lacks a basic understanding of the Chicago area: he did not try to build coalitions with Democratic U.S. Senators and officials or Catholics in Chicago who I knew and he used high-pressure tactics where he seemed to want to shake down Chicago politicians or businesses to pay his tuition bill. It was an irritant when Fisher used simulations of group work of my DePaul Education classes with Professors Kuzmic and Lipman who was in Foundations of Education with DePaul Professor Jose Solis Jordan, a convicted terrorist. . Dr. Fisher and [illegible] an Arab League paper as a tactic to pressurize me to pay the bill: I ask for your mediation since I might discuss it with leadership in the new Democratic

RECEIVED
DEC - 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Congress: my paper praised the work of former Secretary of State Baker and Bush officials in gaining Arab League support for expelling Iraqi troops from Kuwait in 1991, and politely contrasted it with a lack of consultations between President George W. Bush and the Arab League when they did not support a plan by Kuwait and United Arab Emirates to exile Saddam. Intervention could occur with advising me on federal rights to information on jobs programs, legal counsel and other issues with or without overruling EEOC's lack of an investigation of ages of American U. employees: it does not interfere with the duty of Craig Lawrence in your affiliate to represent the U.S. Department of Education although you might be asked to support mediation on my student loan debt issues since I only earned $1500 in 2006: refusal of federal aid for me to attend Roosevelt U. in Chicago should be considered since Fisher refused permission for a job reference for me since his bill was unpaid: and this created chaos. I will write again soon..*
*PROOF OF SERVICE TO: U.S. Attorney General Gonzales, 950 Pennsylvania Av., N.W., Washington, D.C. 20530 and American University Legal Counsel Hisham Khalid, 3201 New Mexico Av., N.W., Washington, D.C. 20015*
*Joseph Slovinec, 425 2nd St., N.W., Washington, D.C. 20001 December 1, 2006.*

*2 of 2*   *[signed] Joseph Slovinec*

Slovinec, Joseph

University Positions Applied For

DOB 02/26/1958

| POS # | POS Title | Department | Division | Date Opened | Date Closed | Slovinec's Application Rec'd | # of Candidates Interviewed | Interviewed Candidates Resumes on file | Age of the Person Hired |
|---|---|---|---|---|---|---|---|---|---|
| 1402 | Communications Specialist | Safety and Security | Office of Finance & Treasurer | 5/6/2004 | 1/24/2005 | 1/19/2005 | Three | Three | 44 |
| 4298 | Assoc. Dir of the Cntr for Democra | VP of International Affairs | Office of International Affairs | 12/14/2004 | 3/11/2005 | 1/19/2005 | No Documentation | One (candidate hired) | 39 |
| 4400 | Staff Assistant | VP of International Affairs | Office of International Affairs | 1/12/2005 | 2/23/2005 | 1/19/2005 | Five | Five | 24 |
| 5396 | Producer | WAMU - 88.5 | Office of the President | 1/14/2005 | 1/24/2005 | 1/19/2005 | Nine | Nine | 40 |
| 1717 | Administrative Assistant | Communication, School of | Office of the Provost | 1/10/2005 | 3/2/2005 | 1/19/2005 | Six | Six | 33 |
| 1897 | Document & Imaging Specialist | Office of Enrollment | Office of the Provost | 1/14/2005 | 2/1/2005 | 1/19/2005 | Three | Three | 49 |
| 4928 | Program Coordinator | Public Affairs, School of | Office of the Provost | 1/4/2005 | 3/1/2005 | 1/19/2005 | Four | Four | No person hired for the position. |
| 3617 | Grant and Contract Manager | Research Development | Office of the Provost | 11/12/2004 | 2/24/2005 | 1/19/2005 | Five | Four (including person hired) | 27 (Hired applicant declined position) |
| 2914 | Research Assistant | SPA: Justice, Law & Society | Office of the Provost | 1/4/2005 | 3/14/2005 | 1/19/2005 | Six | One (candidate hired) | 30 |
| 4041 | Administrative Assistant | Washington Semester Program | Office of the Provost | 1/10/2005 | 2/5/2005 | 1/19/2005 | Five | Five | 21 |
| 5412 | Lead Researcher, Shared Goals | Education | Office of the Provost | 2/8/2005 | 4/18/2005 | 4/5/2005 | Three | Three | 33 |
| 5422 | Educational Technology Specialist | Education | Office of the Provost | 2/9/2005 | 4/26/2005 | 4/5/2005 | Four | Four | 28 |
| 1058 | Academic Counselor | International Service, School | Office of the Provost | 1/25/2005 | | 4/5/2005 | No Documentation | No Documentation | No person hired for position. |
| 1877 | Customer Relations Representative | Office of Enrollment | Office of the Provost | 3/4/2005 | 4/8/2005 | 4/5/2005 | Seven | Seven | 23 |
| 3873 | Administrative Assistant | Public Affairs, School of | Office of the Provost | 3/1/2005 | 4/8/2005 | 4/5/2005 | Five | One (candidate hired) | 23 |
| 5473 | Program Coordinator, Gay Lesbian Bi | AVP Campus Life | Office of Campus Life | 4/20/2005 | 5/27/2005 | 4/25/2005 | No Documentation | One (candidate hired) | 24 |
| 5470 | Project Coordinator-Commission on F | VP of International Affairs | Office of International Affairs | 4/18/2005 | | 4/25/2005 | Zero | Zero | No person hired for the position. |
| 1713 | Senior Administrative Clerk | International Service, School | Office of the Provost | 4/21/2005 | 6/8/2005 | 4/25/2005 | Three | Three | ne of the interviewed candidates were hired. Position later filed on 08/03/05. Age-29. |

FOR MR GONZALES-
APPENDIX A/ DEC. 1,2006
ALSO: IN MOTION FOR
SUMMARY JUDGMENT
NOV 3.

APPENDIX C
FROM AMERICAN V. FIVE
NOV 12, 2008
CALLED "TAB B" OF OCT. 24, 2008

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Joseph Slovinec,                          06-455
   Plaintiff,
    Vs.                                (gk)Judge Gladys Kessler
American University,
   Defendant         Dispositive Motion due Dec. 1

MOTION FOR DEFAULT JUDGMENT

1. Plaintiff motions for default judgment: an order to compel employment, $50,000 in a mixture of back pay and compensatory damages, and lifting of the barring order or higher damages if the court awards it on the basis of lack of a sworn oath and incomplete answers in "Defendant's Response to Plaintiff's First Request for Interrogatories".
2. Please see Memo on Deficiencies of Nov. 13 Plaintiff's allegations of lack of compliance with Fed.R.Civ.P. 33, and the court's
Rights to compel answer under Fed. R.Civ.P. 37 since Mr. Khalid does not seem
To want to cooperate in answering shorter questions by December 15.
3. American University should be held to the reasonable standard of care for all Universities: without citing statutes, American U. irresponsibly claimed privileges In areas where none exist: on duties to advise students on job searches in Questions 12 and 14 and avoiding use of food stamps and Welfare Reform Act in Question 6, on past use of Columbia education of Plaintiff in Question 8, on financial aid discrimination in Question 9 since after no provision of emergency loan in catalog for Plaintiff, Dr. Ronald Fisher used this as reason to deny permission for use of his reference in job search when only he and Dr. Nan were available in D.C. area, and Plaintiff was not allowed to return to school in Illinois, Question 10 working retraining programs are in federal statutes (including Chapter 29 U.S.C.) and past employer or school has to make referrals to rapid response centers, Question 11 on McKinney-Vento act related rights of homeless to job training which will include D.C. Homeless Services Reform Act, and Question 15 on discrimination against giving J. Slovinec with refusal to grade J. Slovinec's paper on Arab League. Dr. Fisher recruited unemployed Plaintiff with an apartment in Illinois to come to overpriced program with a Summer Institute mostly for United Nations employees with employer payments of tuitions: his textbook did not offer enough information on Iraq peace talks to please Illinois residents, and he tried to pressurize Plaintiff for payments without advice on grants when Plaintiff had less than $60 in bank. All above actions contributed to hostile environment for job search (see Khair v. Campbell – earlier citations), Plaintiff's residency in a homeless shelter on food stamps for more than a year; And aggravation which caused request for compensatory damages.
PROOF OF SERVICE IN U.S. MAIL TO: U.S. Attorney General Alberto Gonzales, 950 Pennsylvania Av., N.W., Washington, D.C. 20530 and American U. Legal Counsel Hisham Khalid, 3201 New Mexico Av., N.W., Washington, D.C. 20016
Joseph Slovinec, 425 2nd St., N.W., Washington, D.C. November 30, 2006

*Joseph Slovinec*
above "Response to Interrogatories" attached

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRIC OF COLUMBIA

| | |
|---|---|
| JOSEPH SLOVINEC, ) | |
| ) | |
| Plaintiff, ) | Docket No. 06-455 (GK) |
| ) | |
| v. ) | |
| ) | |
| AMERICAN UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES**

COMES NOW, American University, by and through its undersigned counsel, and submits the following answers to Joseph Slovinec's Interrogatories:

**GENERAL OBJECTIONS**

1. The University objects to these requests as overly broad, vague, and ambiguous, and beyond the permissible scope of discovery, to the extent that they seek beyond the allegations contained in Plaintiff's complaint. The University's personnel and student files contain sensitive materials, the disclosure of which could constitute a serious invasion of privacy and infringe upon the rights of non-parties, including, but not limited to, the rights of individual University employees or former employees.

2. In responding to the Office's request, the University does not concede the relevancy, materiality, or admissibility of any of the documents or information sought therein. The University's responses are made subject to and without waiving any objections as to relevancy, materiality, or admissibility.

3. The applicable foregoing general objections are incorporated into each specific objections and responses that follow. The stating of a specific objection or response shall not be construed as a waiver of the University's general objections. The University reserves the right to supplement these responses and to make further objections.

**INTERROGATORY REQUESTS:**

1. To Brenda Harner: Have you been aware that I, J. Slovinec, have right to prevail on lawsuit due to retaliation for filing a letter and complaint about American U. or issues

1

like Professor Fisher's linking of references to financial aid even if you claim business reasons not to hire me?

**Response**

The University objects to the interrogatory as overly broad, compound, vague, ambiguous, unintelligible and not reasonably calculated to lead to the discovery of admissible evidence.

2. To Ms. Harner: Your lawyer Hisham Khalid is asked to tell me I still have the right to ask the U.S. Department of Labor to do a survey of ages of your employees: would you be respectful if a survey is done?

**Response**

The University objects to the interrogatory as overly broad, compound, vague, ambiguous, unintelligible and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, the University will cooperate with any government investigation and/ or inquiry.

3. To Ms. Harner: Does American University use a labor union?

**Response**

The University objects to the interrogatory as overly broad, compound, vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, the University states that there are no University employees represented by Unions. However, American University shuttle bus drivers are in the process of seeking Union representation.

4. Brenda Harner is asked to produce job description and department names for every one of the jobs in the EEOC complaint, any personnel file on J. Slovinec, and any files on the barring order of J. Slovinec.

**Response**

The University objects to the interrogatory as overly broad, compound, vague and ambiguous. Without waiving the objection, the University states that to the extent Plaintiff seeks documents from the University, Plaintiff must make a proper document request under the rules of the court. Plaintiff has already asked for job descriptions and resumes for applicants to each job referenced in Plaintiff's EEOC complaint as part of his document request. The University has responded.

5. To Ms. Harner: Please describe the extent to which you worked together with Dean Goodman of the School of International Service and Dean Leo Grande of the School of

Public Affairs on relevant job descriptions, and I view your arguments with skepticism since my observation indicated Dean Goodman only hired one employee over 40, Will Baker,

**Response**

The University objects to the interrogatory as overly broad, compound, vague, ambiguous, unintelligible and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, the University states that Brenda Harner did not communicate with Dean Goodman or Dean LeoGrande in connection with any of job search referenced in Plaintiff's EEOC Complaint.

6. To Ms. Harner, Dean Goodman, Dean Leo Grande: Are you aware that after President Clinton signed the 1996 Welfare Reform Act and new economic development policies including the Senn High School school-to-work apprenticeship program in Chicago with links between classes and apprenticeship assignments with social introductions to employers, this creates a situation where a trial could evaluate both the job openings at Brenda Harner's Human Resources office and job search advising roles of Dean Goodman, Graduate Certificate in Peacebuilding Director Ronald Fisher, and Locklann Boyle? These are linked J. Slovinec's inability to find any jobs between April 2005 and February 2006 with my first regular part-time job in March 2006, and delays of D.C. Dept. of Human Services' start of my entry into Food Stamp Employment Training classes from a requested court order in February 2007 to July 2006?

**Response**

The University objects to the interrogatory as overly broad, compound, vague, ambiguous, unintelligible and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objections, the University does not understand the request.

7. To Dean Goodman: What are your policies on access to campus jobs and financial aid for students both in December 2004 and now?

**Response**

The University objects to the interrogatory as overly broad, compound, vague, ambiguous, unintelligible and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objections, the University directs Plaintiff to the School of International Services *Frequently Asked Questions* brochure that is attached to Plaintiff's document request. Students are also free to apply for University positions through the Human Resources Department. Finally, the University also has a Federal Work Study Program which is outlined on the University's human resources website.

8. To Dean Goodman: are you aware that in a pamphlet available at 441 4th St., N.W. city offices, the U.S. Department of Education now has work-study programs for graduates and undergraduates, and School of International Service discriminates against lower-income and middle-income students in not having it? Please comment on feelings of me, J. Slovinec, that in context of this it was not a good idea for American U. to keep me on the campus with neither financial aid nor a job; and American U. School of International Service has not done well with zero jobs for me in contrast to earlier campus jobs I had during my master's Degree in International Affairs program at Columbia University's School of International and Public Affairs in new York City including: Autumn 1980 Iran Center, Spring 1981 American Numismatic Society (coin collecting library), and work for Columbia's Vice President for Government Relations and Community Affairs Greg Fusco as research assistant in 1981-1982: it included research on federal legislation on financial aid and international educational exchanges.

**Response**

The University objects to the interrogatory as overly broad, compound, vague, ambiguous, unintelligible and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objections, the University states that it has a Federal Work Study program.

9. To Dean Goodman, Dr. Ronald Fisher, and financial Aid Office: Please comment: It appears severely discriminatory since I, J. Slovinec, believe virtually everyone in Dr. Fisher's SIS 609 class of Spring 2005 and Summer Institute on Peacebuilding an development was receiving or could receive financial aid and I did not. Please provide the first name (I might eventually ask for the last name) of every student in Dr. Fisher's SIS 609 class and Summer Institute on Peacebuilding and Development who received federal student loans (including from the master's Degree in International Peace and Conflict Resolution program, tuition remission as mentioned at Summer Institute: United Nation, Organization of American States, oil companies, CARE, United States Agency for International Development, and United Nations High Commissioner for Refugees. UNJUST ENRICHMENT

**Response**

The University objects to the interrogatory as overly broad, compound, vague, ambiguous, unintelligible and not reasonably calculated to lead to the discovery of admissible evidence. Moreover student records contain sensitive material, the disclosure of which is protected by the Family Educational Rights and Privacy Act (FERPA). Further, the disclosure would infringe upon the rights of non-parties, including, but not limited to, the rights of individual University students or former students. The interrogatory is not relevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence.

10. To Dean Leo Grande: Please review above information on Senn High School and try to remember one previous talk we had in Spring 2005: later evidence supports my contention that American University has not done enough to discuss urgent or displaced worker programs for students and ex-students with Montgomery County, Maryland, location of Park Bethesda where I resided, and D.C. Dept. of Employment Services: in comparison with Senn, it is considerably more difficult for an American U. Student like me to get a job to put food on the table, when, I, J. Slovinec could not find a job with the federal civil service or elite think-tanks after a brief 90-day semester with Dr. Fisher which American U. sought to cancel after my relocation from Chicago.

**Response**

The University objects to the interrogatory as overly broad, compound, vague, ambiguous, unintelligible and not reasonably calculated to lead to the discovery of admissible evidence Without waiving such objections, the University does not understand the request.

11. To Bishop School of the Board of Trustee: The March 3, 2006 memo on Senator Grassley's concerns included the spiritual role of the United Methodist Church at American U.: I, J. Slovinec, intend to ask and get a court order to find out how many homeless shelters the United Methodist Church as in the Washington, D.C. area including at St. Luke's and a rumored shelter across the street at Metropolitan Memorial United Methodist Church and why they could not be used for evicted ex-American U. students like me: there was a lot of phony hypocrisy which was bad for my spirituality after my eviction from Park Bethesda where, even though Maryland got a large grant from FEMA for homeless shelters, the Rockville Crisis Center asked if I was mentally ill and when I truthfully said I was not, they said homeless shelters were only for mentally ill and substance abusers after I called a man on Gude: and I was forced with no other choice than to stay at Community for Creative Nonviolence in D.C. with a large population of ex-offenders, substances abusers, and at first only 88 cents in only D.C. savings account from September to December 2005 and zero from January to March 2006: caseworkers for above populations at CCNV do not have right skills to advise evicted American U. students on job search, especially someone with tow Masters' Degrees like me. What could you do to avoid future spiritual and economic poverty for American U. students like me who were turned down for private loans?

**Response**

The University objects to the interrogatory as overly broad, compound, vague, ambiguous, unintelligible and not reasonably calculated to lead to the discovery of admissible evidence.

12. To Dr. Fisher: You're asked to clarify comments where in March 2005 I, J. Slovinec Asked you for job reference and you implied you were for it and I should ask for job coaching from Locklann Boyle; and in September 2005 when I told AU I had less than $60 in my account your office sent an insulting e-mail which tried to demand payment

5

and then said I did not have your permission to use your name as a reference: please clarify this, and note I had no alternative than to use AU references after I left Chicago: seeking of unjust enrichment from Dad's estate.

**Response**

The University objects to the interrogatory as overly broad, compound, vague, ambiguous, unintelligible and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, the University states that on November 23, 2004, Plaintiff was admitted to the School of International Services Certificate Program in Peace Building and Development.

In January 2005, Plaintiff registered for and began taking classes. In the spring 2005, Plaintiff also applied for admission to the School of International Services Master's program ("MIS" program). The University denied the application on May 6, 2005 due to the highly competitive nature of the program. Plaintiff thereafter failed to pay tuition in connection with the Certificate program.

On April 16, 2005, the University placed a financial restriction on Plaintiff's account causing Plaintiff's two courses to be dropped as a result of non-payment.

On May 9, 2005, Dr. Fisher wrote Dean Goodman in connection with Plaintiff's application to the MIS degree program. Dr. Fisher explained that because Plaintiff's registration was cancelled and he was removed from the class list, he had not marked Plaintiff's term paper or final exam, both of which were major individual assignments for the course. Dr. Fisher concluded that he could not comment further until such time that Plaintiff's registration was reinstated. If that occurred, Dr. Fisher indicated he was prepared to grade and to provide an appropriate letter of recommendation.

13. Ingrid will be asked in an oral deposition on unfair denial of access to emergency loan and on her creation of food stamp dependency issues and eviction in imitation of past hostility at DePaul.

**Response**

The University objects to the interrogatory as overly broad, compound, vague, ambiguous, unintelligible and not reasonably calculated to lead to the discovery of admissible evidence.

14. Ask Locklann Boyle if I could make names of SIS employers at March 2005 job fair public, and his perceptions on above issues: (I writing at first).

**Response**

6

The University objects to the interrogatory as overly broad, compound, vague, ambiguous, unintelligible and not reasonably calculated to lead to the discovery of admissible evidence.

15. Dr. Fisher is asked to respond in writing on my accusation his refusal to grade Arab league papers was done to suppress my criticisms of Bush on not consulting enough with Arab League before 2003 Iraq invasion and to suppress 1948 Iraqi riots against defense treaty with British who use similar tactics today, and my feelings he is a Republican-leaning military trainer whose perspective would not please or inform Democrats and Catholics in Illinois who are critical of Bush's Iraq policies.

**Response**

The University objects to the interrogatory as overly broad, compound, vague, ambiguous, unintelligible, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

16. To Dean Goodman and Dr. Fisher: I, J. Slovinec, believe a financial adjustment in my favor or a settlement is desirable because there have been too many difficulties in job search especially with too short of a schedule between Dr. Fisher's first grade on march 17 and end of classes about April 23, 2005: this was after I was in Chicago 15 years and : I did no internship in Spring 2005, cold calling to businesses without social introductions from AU, bad lack of use of my goals in Statement of Purpose of following up on research topics of my Master's Degree in International Affairs at Columbia University including Carter Administration policies, teaching of my International Security Policy advisors Roger Hilsman and present U.S. Ambassador to Iraq Zalmay Khalilzad, and European history including my M.A. thesis at DePaul with French and Italian languages at Notre Dame: Dr. Fisher's approach was too dependent on marketing two projects on Kashmir peace talks between India and Pakistan which went well and Columbia which was a theme of groups in both classes yet Dr. Fisher did not seem to discuss viewpoints of interest to Chicago officials on the Colombia-FARC dispute: of U.S. Dept. of State, Drug Enforcement Administration which led to later indictment of FARC officials ORAL DEPOSITIONS WILL INCLUDE THESE INDIVIDUALS IN BARRING ORDER: Mr. McNair, Maurice, Mr. Kumar, Carrie Trybulec, April Hornung, Carrie Cook, Ingrid Valentine Sam Berhanu: written interrogatories will not be included now, largely with difficulty in meeting August 15 deadline with pending U.S. Supreme Court appeal on refusal to order federal loans for Roosevelt University by September 1. List not final: probably Dena Goodman, Dr. Fisher SINCE THERE IS AN INVESTIGATION BY U.S. DEPT. OF JUSTICE OF A.U., I, J. SLOVINEC INTEND TO MTION COURT TO SEND DIRECTLY 5 INTERROGATIES TO FEDERAL GOVRNMENT AND SENATOR GRASLEY: The text is not ready on Secretary Spellings and her communications with anyone on barring order and if financial aid cutoff was related; Secretary Rumsfeld on whether his department felt negatively about a woman in Dr. Fisher's class (can't remember her name) who brought up accusations against him at International Criminal Court which I did not support since Congress passed October 2002 resolution, and if Defense Dept. had contact on campus who told Dr. Fisher not o grade

my paper on Arab League and to end my financial aid; to U.S. Dept. of Justice on related financial mismanagement issues in Ladner case; to Senator Grassley and Senator Baucus on above Ladner investigation and financial aid reforms in March 3, 2006 memo; and to U.S. Secretary of labor and Employment Standards Administration on if they could order age survey of employees at American University.

**Response**

The University objects to the interrogatory as overly broad, compound, vague, ambiguous, unintelligible, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Dated: October 24, 2006                    Respectfully submitted,

AMERICAN UNIVERSITY

_____
Hisham R.O. Khalid, Esq. (D.C. Bar No. 44594)
Office of General Counsel
4400 Massachusetts Avenue, NW
Washington, DC 20016-2724
(202) 885-3285

Attorney for Defendant
*American University*

I, Brenda Harner, having read the above, state that the responses contained herein are true and correct to the best of my knowledge and belief.

_Brenda K. Harner_  __10/23/2006__
Signature                              Date

_Policy Analyst, Employee Relations & Compensation_
Title

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October, 2006, a true and correct copy of the foregoing Defendant's Response to Plaintiff's First Set of Interrogatories Request was hand delivered personally to Plaintiff, Joseph Slovinec.

_____
Hisham Khalid

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH SLOVINEC,                 )
                                 )
              Plaintiff,          )
                                 )   Civil Action No. 06-0455 (GK)
         v.                      )
                                 )
AMERICAN UNIVERSITY,             )
                                 )
              Defendant.          )
_____)

**DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST
REQUEST FOR INTERROGATORIES**

12. To Dr. Fisher: You're asked to clarify comments where in March 2005 I, J. Slovinec Asked you for job reference and you implied you were for it and I should ask for job coaching from Locklann Boyle; and in September 2005 when I told AU I had less than $60 in my account your office sent an insulting e-mail which tried to demand payment and then said I did not have your permission to use your name as a reference: please clarify this, and note I had no alternative than to use AU references after I left Chicago: seeking of unjust enrichment from Dad's estate.

Response

In addition, the University states that Professor Fisher did not agree and never agreed to be a reference for Mr. Slovenic's job search. The e-mails attached, hereto, indicate Professor Fisher's position.

Dated: October 27, 2006                 Respectfully submitted,

                                        AMERICAN UNIVERSITY

                                        /s/ Hisham R.O. Khalid
                                        _____
                                        Hisham R.O. Khalid, Esq.
                                        D.C. Bar No. 44594
                                        American University
                                        Office of General Counsel
                                        3201 New Mexico Avenue, NW, Suite 270
                                        Washington, DC 20016-8165
                                        (202) 885-3285

                                        Attorney for Defendant

ON ABOVE COURT-AGENT HAS 9/5 E-MAIL DEC. 1, 2006 - JOSEPH SLAVINEC JR