IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Joseph Slovinec,                                              06-455
   Plaintiff,                                         (gk) Judge Gladys Kessler
     Vs.
American University,
   Defendant

ONE PAGE ON RELEVANT CASES ON INTERVENTION: LEAVE OF COURT IS ASKED FOR MATERIALS ON COURT CLERICAL ERRORS IN MAILING MATERIALS TO UTAH STATE PRISON AND ABOUT ADAIR V. HOLDERBY

1. The court respectfully notifies U.S. Attorney General Alberto Gonzales that today is probably the last day of the week he can send pleadings due to scheduling pressures on completing a request for rehearing on Case 06-7039, Slovinec v. Montgomery County by December 18: the request for intervention in this case is linked to issues in that one, since American University created a hostile environment for Plaintiff's job search by his eviction where even though Maryland received a large federal grant from FEMA, Maryland refused to allow J. Slovinec to stay at any homeless shelter in Maryland since in summer they were only for substance abusers and mentally ill: an investigation of the U.S. Department of Justice is requested since American University shares responsibility with government officials in Montgomery County, Maryland and District of Columbia for his virtual or near confinement in a mostly African-American homeless shelter, Community for Creative Nonviolence, on only no-cash food stamp programs see with no grants for working training or meaningful access to jobs programs for college graduates: see *Blum v. Bacon* 457 U.S. 132 (1982), *Shapiro v. Thompson* 394 U.S, 618, *Townsend v. Swank,* 404 U.S. 282 (1971).

2. The U.S. Attorney General can intervene on 14th Amendment equal protection issues, black racial discrimination against whites inder 42 U.S.C. 2000, *Canterino v. Wilson,* 538 F.Supp. 621 (1982), *also see Devereaux v. Geary,* 596 F.Supp. 148 (1984) on either a statutory right or conditional right to intervene. *Intervention* can occur when Defendant has impaired interest, "representation of interest by existing parties inadequate", *Sidberry v. Koch,* 539 F.Supp. 413 (1980"s), the federal government has intervened under Fed.R.Civ.P. 24 (a), and 5th and 14th Amendment to minimize number of terminated Social Security beneficiaries on welfare rolls: *Avery v. Heckler,* (1984, D.C. Mass.) 584 F.Supp. 312 (1984): Plaintiff maintains American U. had a federally-ordered duty to aid in job placement which had ineffective marketing and hostile environment when Professor Ronald Fisher refused permission for reference: this and refusal of loan from Ingrid Valentine created food stamp dependency of Plaintiff which is opposed by Welfare Reform Act which U.S. Attorney General has duty to enforce like citizenship laws, *Smith v. Pangilinan,* (1981, CA 9, NM) 651 F.2d 1320. .

; with eviction from American U. dorm, Plaintiff was racially redlined as white minority at CCNV shelter where mostly black D.C. caseworkers had long delays in allowing Plaintiff to attend one Food Stamp Employment Training class, and would

RECEIVED
DEC 1 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

not allow Plaintiff grants to develop other new schooling or new references on a B.A. level after Fisher refused reference in Sept. 5, 2005 e-mail to CCNV which was threatening and would not discuss tuition remission for Plaintiff as disadvantaged white like Bakke case.   Plaintiff has only earned about $1700 since January 2005 and is not totally free to leave CCNV where his belongings were stolen, American U. evicted him and it is impossible for him to pay $4539 American U. dorm bill when emergency loan was not given: (Mr. Khalid implied this was forgiven, "free housing": if so, not confirmed)  although the U.S. government respects J. Slovinec and has not accused him of wrongdoing, establishment cliques at American U. and in Maryland and D.C. officials manipulated his stay at CCNV which has similarities to a prison: Plaintiff believes his appeal is similar to rights of prisoners where the U.S. has supported intervention under 42 U.S.C. 1983, *U.S. in re Estelle,* 516 F2d 480 (1975).

3.   Leave of the court is asked to include J. Slovinec's request to U.S. Attorney General Gonzales to investigate disrespectful clerical errors of court staff including the office of U.S. Supreme Court clerk Suter who sent Henry Suarez at Utah State prison Mr. Slovinec's papers by mistake and U.S. Court of Appeals clerk in Washington, D.C> who sent J. Slovinec Adair v. Holderby case by mistake: this seems a Republican-leaning conservative tactic to make fun of liberals on the Iraq war issue and other issues including probably gay rights.  Judge Kessler is reminded her clerk also sent a paper to the wrong, obsolete address for J. Slovinec at 3023 N. Clark St. and is asked to oppose any practices of clerical errors: her August 2005 order to refuse federal loans for Plaintiff [*de jure*] ~~had a de facto, not de~~ jur, effect of confining him at CCNV with false promises of aid in the job search.. Thank you.

PROOF OF SERVICE: To U.S. Attorney General Alberto Gonzales, 950 Pennsylvania Av., N.W., Washington, D.C.
And American U. Legal Counsel Hisham Khalid, 3201 New Mexico Av., N.W., Washington, D.C. 20016
Joseph Slovinec, 425 2nd St., N.W., Washington, D.C>. 20016

2 of 2

*Joseph Slovinec*

*I'm sorry- there was a computer glitch*

*Attachment:*
*Documents on title*
*in court. letter of Henry*
*Suarez on Supreme Court*
*clerk sent first page of*
*Motion for forma Pauperis sent*
*by mistake,*
*envelope and [?] address*
*with undersigned US Respondent*
*Adair v. Holderby sent by mistake*

Mr. Joseph Slovinel,                          Sept. 6th 2006
425 Second Street, N.W.
Washington, D.C. 20001-2037

Mr. Slovinel,

On September 6, 2006, I received my petition for a writ of certiorari to the U.S. Supreme Court, by return mail.

Enclosed, please, find a copy of <u>your</u> motion for leave to proceed in forma pauperis. Your note at the top says it was not filed in July because it was incomplete.

The clerk's office said the same thing about my petition. I have sent copies back several times with the same result. "Incomplete".

Are the clerks losing or confusing cases? Have they sent you any of my papers?

Please, see if you can find out what is going on. I am not able to make telephon calls to the court, and when my family calls Mr. Suter and Ms. S. Elliott say, "send it back!" Then it is returned again. The reason I ask for your help is we are connected by the "incomplete" (something is missing) and, now, they have sent your information to me! There is a mix up somewhere and this should not be happening. Please, help me. My issue could make big changes and improvements for thousands of Utah inmates. Please, let me know what you are able to find out.

I would appreciate anything you could do to help straighten this out. With your papers papers coming to me, it shows there are mistakes being made that should not happen. This is solid proof that the problems are

SOMEWHERE IN THE CLERKS' OFFICE AND NOT WITH US. PLEASE, ASK THEM TO EXAMINE THE PAPERS THEY RECEIVE CAREFULLY, AND NOT JUST LOOK AT THE FIRST DATE THEY SEE OR FOR BLANKS THAT MAY BE PROPER.

GOOD LUCK AND THANKS.

SINCERELY,

HENRY J. SUAREZ
# 27539
SSD, E-17, PRISON
UTAH STATE PRISON
P.O. BOX 250
DRAPER, UTAH 84020-0250

URGENT: MONDAY 8/28 TO MR SUTER PLEASE STATE IN PARTICULARITY, AND SEND ME A LETTER, ABOUT WHY YOU STATED THIS FORM WAS INCOMPLETE AND YOU REFUSED TO FILE IT IN WCT. I ANSWERED ALL QUESTIONS (CIV.) AND SKIPPED 6-8 BECAUSE THERE IS NO INFORMATION. (CIV.) TURN IN 6-8 BLANK

Joseph Slovinec J. SLOVINEC 425 2nd ST, NW WASHINGTON, DC (?) PLEASE MAIL TO ABOVE TUESDAY

No. _____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

JOSEPH SLOVINEC , PETITIONER
(Your Name)

VS.

AMERICAN UNIVERSITY , RESPONDENT(S)

MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The petitioner asks leave to file the attached petition for a writ of certiorari without prepayment of costs and to proceed *in forma pauperis*.

[√] Petitioner has previously been granted leave to proceed *in forma pauperis* in the following court(s):

U.S. DISTRICT COURT - DISTRICT OF COLUMBIA
U.S. COURT OF APPEALS - DISTRICT OF COLUMBIA

[ ] Petitioner has **not** previously been granted leave to proceed *in forma pauperis* in any other court.

Petitioner's affidavit or declaration in support of this motion is attached hereto.

Joseph Slovinec
(Signature)

RECEIVED
AUG 28 2006
OFFICE OF THE CLERK
SUPREME COURT, U.S.

2006 AUG 25 P 6:46
POLICE OFFICE
SUPREME COURT OF U.S.
RECEIVED

DJ/238

[Case No. 05-5372]

------------------------------------

Joseph Slovinec
425 Second Street, NW
Washington, DC  20001

RECEIVED JUN 2 2 2006

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 06-5074**                                        **September Term, 2005**

00cv00566



Robert H. Adair, et al.,
    Appellants

v.

Byron Holderby, Jr., Rear Admiral, Chief of Chaplains, et al.,
    Appellees

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED APR 2 0 2006

CLERK

**BEFORE:** Randolph, Tatel, and Brown, Circuit Judges

## ORDER

Upon consideration of the motion for an injunction and other emergency relief pending appellate review of the district court's denial of injunctive relief, the opposition thereto, and the reply, it is

**ORDERED** that the motion be denied. Appellants have not demonstrated the stringent standards required for an injunction pending appeal. See Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2005). Appellants have also failed to demonstrate that this case warrants reassignment to a different district judge. United States v. Microsoft, 56 F.3d 1448, 1463 (D.C. Cir. 1995); Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 865 (1988)). It is

**FURTHER ORDERED**, on the court's own motion, that the district court's February 28, 2006, order be summarily affirmed. Given this court's conclusion that appellants have not met the requirements for preliminary relief pending appeal, it necessarily follows that the district court did not abuse its discretion in applying the same standard to deny their request for a preliminary injunction. See Deaver v. Seymour, 822 F.2d 66, 66-67 (D.C. Cir. 1987) (court sua sponte affirmed district court's denial of preliminary injunction after concluding appellant did not meet requirements for injunction pending appeal).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 06-5074**                               **September Term, 2005**

of any timely petition for rehearing or petition for rehearing en banc. <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/ Elizabeth V. Scott
Elizabeth V. Scott
Deputy Clerk/LD