IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Joseph Slovinec,  
   Plaintiff,  
vs.  
American University,  
   Defendant

06-455  
gk (Judge Gladys Kessler)

FORMAL RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1. Plaintiff Joseph Slovinec asks Judge Kessler to rule against American University's Motion for Summary Judgment on the basis that all material facts on age surveys are in Plaintiff's favor, and responses to affidavits indicated discriminatory intent in several cases. American University has a disgraceful record of attempting to use Plaintiff for a financial profit with no efforts for good faith job placement advice: Plaintiff repeats his call for default judgment against Defendant when Defendant discourteously failed to answer basic questions on discrimination against and hostile environment on Plaintiff's job search: lack of access to jobs programs for the homeless after eviction, welfare-to-work in Maryland in original complaint, refusal to answer basic questions about American University's relationship with economic development programs in Washington, D.C. and Montgomery County, Maryland according to 29 U.S. Code (including 49), and refusal to answer questions about Ronald Fisher's career advising and Plaintiff's expressed need of it after an Illinois layoff in original complaint, and concealment of a basic agreement which Fisher articulated for the use of Lochlann Boyle's job service for an entry-level position in International Peace and Conflict Resolution in addition to Central Intelligence Agency, pro-Republican defense recruiting on American U.'s campus. The court is reminded that Rule 56 also protects Plaintiff's rights to request additional depositions under Rule 56f or complain about affidavits in bad faith under Rule 56 g in addition to the court's request for more sworn testimony from Plaintiff: this will be available by January 2 with many inconveniences to Plaintiff from holiday closings including increased costs of typing at libraries with limits of one hour per day.

2. In response to Mr. Khalid's arguments on the *Carter v. G.W.U.* 387 F3d 872 (D.C. Cir. 2004) Civil Rights 1221 McDonnell-Douglas 1) Plaintiff proved the first prong; he was in protected class with age survey, 2) Qualified – see arguments in 2, 3) Rejection – there was no rejection letter: this was communicated in pleadings and with telephone call to Brenda Harner which said she could not do any interviews of J. Slovinec with barring order where evidence is in Plaintiff's favor on Prong 4 since she continued to review applications for 1713 Senior Administrative Clerk SIS after barring of May 17, 2005 which was unlawful retaliation under (42 USC 2000$-3(a); "latter forbids discrimination against applicants of employees for attempting to protest or correct alleged discrimination in conditions of employment" and Ladner and staff falsely put Plaintiff in category.

RECEIVED
DEC 27 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The court is asked to rule against the motion for summary judgment, since a dispute of material fact exists on the job qualifications despite Mr. Khalid's claims there is none: In several affidavits, American University ignored J. Slovinec's education, experience, and qualifications especially when every affidavit refused to count in J. Slovinec's favor two Master's Degrees, one in International Affairs, the identical area of expertise to School of International Services:

There is a phony reason on Nanette Levinson's affidavit for Academic Advisor 1058: J. Slovinec met claimed qualifications of "Master's Degree..Three years administrative, higher education" (including 2 years at Columbia office) : she claimed J. Slovinec "does not meet requirements for positions" and claims Government Relations is not "student support".

On Associate Director, Center for Democracy and Election Management: Position description says; "Minimum required: Master's Degree in Political Science, International Affairs" with implication of ability to take elections work in U.S. where J. Slovinec had 5 summers plus 12 years of work on vote totals as Democratic precinct captain in Illinois. Dr. Pastor was in error when he wrote, "Mr. Slovinec has neither of these requirements" although he hired a qualified Ph.D. from International Republican Institute Dr. Pastor had more evidence of age discrimination in affidavit on Staff Assistant 4490 when he claimed J. Slovinec "did not possess...administrative qualifications" and refused to count in J. Slovinec's favor his Master's Degree in International Affairs at Columbia and one year for Vice President of Government Relations when hired applicant had similar phone answering skills as J. Slovinec at above offices and in county and state government as Staff Assistant at Women's Studies Office at University of Dayton: Mr. Khalid had J. Slovinec's transcript and erroneously claimed J. Slovinec lacked foreign language skills: he took French, the preferred language in Dr. Pastor's ad, and hired applicant took Arabic: both were equal in one year of foreign study.
WAMU: J. Slovinec had a Columbia internship on news media at Council of International and Public Affairs and Presidential election issues work: producer was qualified like Educational Technology Specialist, 3617Grant and Contract Manager: could omit both at trial. On Lead Researcher 5422, J. Slovinec had coursework beyond Master's.
Although J. Slovinec has less tension and somewhat more hope for work on School of Communications issues, the affidavit of Merry Mendelson gives reasons for hire of 1717 Administrative Assistant where she repeats a phony reason Mr. Khalid gives in nearly every deposition: resume objectives included "education, communications" positions: all were in education: Merry said she "would have disregarded his resume" because 1717 was a front desk positions: it sounded phony when she favorably counted Merrill Lynch experience and did not count J. Slovinec's years of work for Columbia, county, and statte government as "administrative support" when it was: he took event planning class which she ignored like  J. Slovinec wrote a thesis and had better "written (including editing skills" in job description.
With respect to his request for intervention and investigation of U.S. Department of Justice, J. Slovinec will except Joseph Trotter, supervisor of Research Assistant' Justice System Operations from inquiry: however, J. Slovinec in trial intends to criticize Sachool of Public Affairs with lack of cooperation in J. Slovinec's efforts to recover from a layoff

2

for report of computer misuse during corrupt Governor George Ryan's administration in Illinois and American U.'s abusive sending of him to h
homeless shelter, welfare-type programs.
On 4041, J. Slovinec maintains it was unlawful age discrimination for American U. to hire someone younger with less education than a "bachelor's degree is preferred" in description where J. Slovinec was also better on years of experience with "organizational, communication, and computer skills" than hired employee who had less receptionist phone answering skills than J. Slovinec who answered own phone at state government:; It was discriminatory because American U. offices did not ask J. Slovinec if he had "receptionist experience" and then claimed he did not: he only did copying and sorting. J. Slovinec was Congressional intern and studied in Rome, Italy, among topics in office: hired employee did neither.

3

STATEMENT OF PURPOSE FOR AMERICAN UNIVERSITY: GRADUATE PROFESSIONAL DEVELOPMENT CERTIFICATE IN INTERNATIONAL PEACE AND CONFLICT RESOLUTION - JOSEPH SLOVINEC  *Joseph Slovinec*
Social Security Number 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
Summer Addresses: Business: P.O. Box 127, 636 W. Diversey, Chicago, Il. 60614
Home: 2827 N. Burling St., Apt. 6, Chicago, Il. 60614  Phone 773-935-2802

I respectfully request admission to American University's Graduate Professional Development Certificate in International Peace and Conflict Resolutions. It would update earlier work in my Master's Degree in International Affairs at Columbia University in 1980-1982. I had served as a Congressional intern for U.S. Congressman Martin Russo (D-Il.) in 1980 which included research on Cyprus, hazardous wastes, and Captive Nations Week for Eastern European nations which fortunately became free in 1989 and 1990. My first semester of Autumn 1980 expressed views of the two advisers of the international security specialization, Roger Hilsman and Zalmay Khalilzad. Professor Hilsman, a brave World War II veteran who fought in Myanmar (then called Burma) which needs reform, talked about his work as President Kennedy's Assistant Secretary of State on East Asian Affairs where Prof. Hilsman sympathized with doves during the Vietnam War. Prof. Hilsman said the Vietnamese Communists viewed the Vietnam War as an anticolonial war where U.S. troops replaced similar troops of French colonial rules, and the limited land war lacked a plan for victory. Prof. Khalilzad taught me mostly about political systems in Politics of the Middle East and North Africa and I had tried to call him in his job at the National Security Council to ask for advice in early September 2001. Professor Khalilzad is U.S. Ambassador to Afghanistan today with advice to the new democracy. Please see attachments for Middle East issues.. My major papers also included: research on Spain's future entry into NATO, a paper on Soviet-Chinese relations for Marshall Shulman, leading Carter era State Department expert on the Soviet Union who gave me an A, and on NATO unity during the 1981 Polish crisis for President Carter's National Security Adviser Zbigniew Brzezinski. Research which is related to your interests at American University continued in 1983 and 1984 when I wrote about the Reagan record for the Democratic Congressional Campaign Committee and about arms control for the United Nations Association of the U.S.A. and World Without War Council. In 1986-1992 I worked for Cook County government and I taught community college in a Chicago south suburb. I decided to stay in Chicago to look after my late aunt who left me an estate I used for funds after 1992 and my father who also left me an estate after he died in 2000. Since I wanted to stay in Chicago, I worked on a thesis about President Theodore Roosevelt's peace mediations in an undivided Europe with similarities to the 1990's. Please note my article about "Second Term Presidents in U.S. History". Since the spring of 2003, I concentrated on two goals: a Public Relations writing class at George Washington University during the spring of 2003, and applications for civil service positions with the state of Illinois with no interviews for three "A" grades. I wanted more options. I like American University's recent emphasis on Arab studies where I favor peace with a mixture of enhancing study of history and religious peace issues. American University could also become valuable in marketing me for jobs in Washington, D.C..

4 -IN OPPISITION TO SUMMARY JUDGMENT

4. The court is asked to rule against American University's motion for summary judgment since there is evidence of age discrimination with refusal to count Joseph Slovinec's degrees in his favor and the hiring of less educated and less qualified applicants who were younger, and statements with evidence of pretexts of discrimination. If Mr. Khalid wanted to prevail, his pleadings needed to have a perfect nondiscriminatory record on all issues in cases which he cited: cases which he cited could be used in Plaintiff J. Slovinec's favor. Mr. Khalid is wrong to say age discrimination victims must have better qualifications than the hired employee: they can be similar: one can "establish claim of age discrimination " if both "member of protected group, he applied for but did not receive particular position", another person of similar qualifications received contested position, *EEOC V. TWA,* 544 F.Supp. 1988 (S.D.N.Y. 1982) which Mr. Khalid cites like *AKA V. Wash.Hosp. Ctr.* 156 F.3d 1284 (D.C. Cir. 1998), a case which supports J. Slovinec's views: there is "evidence of discriminatory statements or attitudes on part of the employees" like Dr. Fisher's e-mail to collect money from J. Slovinec with only 88 cents at homeless shelter in Sept. 2005, "Plaintiff should not be routinely required to submit evidence over and above rebutting the employer's stated explanation in order to avoid summary judgment" : "if employer fabricates false explanation": the court ruled it was wrong not to count a Master's Degree like Mr. Slovinec's : "Aka's Master's Degree in Business and Professional Administration would presumably been very helpful on these tasks" in contrast to "Valenzuela's pharmacy experience was limited to two montshsof parti-time volunteer work", a situation like the Clapper affidavit. The Stewart v. Ashcroft case in Mr. Khalid's citations also said superior managerial expertise was a valid reason for selection and summary judgment is only granted with no genuine issues of differences on material facts. J. Slovinec has these objections to Mr. Khalid's memo: on p. 1 he says , "Apparently not content to have received free housing and coursework": J. Slovinec requested this since the money is still impossible to collect today with his low earnings of only about $2000 in 2006 although he was not notified if the university intended to give him free housing and coursework, on p. 2 there is not an :"undisputed record". On p. 5 there is a "pretext" of too much emphasis on omission of a comma between "education" and "communication" on J. Slovinec's resume objectives: his search included education positions and all of American University positions were education position. On p. 15, Mr. Khalid has a pretext of referring to a "staff assistant" as :"administrative assistant" when J. Slovinec did staff work for two years at Columbia University and United Nations Association of the U.S.A.. On p. 17 in a discussion of Position #1717, Administrative Assistant of School of Communications Mr. Khalid said J. Slovinec had no administrative support experience and it is a pretext to hide age discrimination to say the hired applicant's work at Merrill Lynch was administrative support and J. Slovinec's work in Cook County government and Illinois state government was not administrative support. On p. 21 like other cases, Mr. Khalid places too much emphasis on his argument J. Slovinec did not have "receptionist experience":

5

      J. Slovinec answered phones at Columbia U., Cook County, and handled all his phone calls and appointments himself as a caseworker for Illinois Department of Human Services so he did receptionist's duties. On p. 24 for Academic Advisor, American U. refused to count J. Slovinec's higher education work experience.

5. On p. 25, there was a pretext when American U. claimed the hired applicant had better customer service experience when the job description said "office experience" and the hired applicant had experience like a crew leader, cook, and sorority experience which was not in an office and the sorority indicated a violation of Age Discrimination in Employment Act with preference of younger employees.

**Minimum of one unlawful statement in Clapper affidavit**

6. In the affidavit on Position 1713 Senior Administrative Clerk. School of International Service (Assistant) Dean Joseph Clapper made an unlawful discriminatory statement in favor of a younger employee when he said hired employee had "administrative support" experience and Joseph Slovinec did not when hired employee only had one semester as an intern: Mr. Clapper also refused to count Mr. Slovinec's Master's Degree in International Affairs from Columbia in his favor when hired applicant had equal degree Master's from American U. School of Intenational Service.. J. Slovinec had several internships of greater length at Columbia for International Peace Academy, Center for Inter-American Relations, and work on a media conference at Council of International and Public Affairs: J. Slovinec's summer work as a Baruch Fellow at United Nations Association of U.S.A, and History thesis are usually listed on resumes. Mr. Clapper should be asked why American U. School of International Service admitted J. Slovinec and then did nothing meaningful to encourage him to find work partially due to his age, partially due to his past Illinois residency where he listed pending state civil service applications in his Statement of Purpose , and his Democratic political beliefs with political allies who opposed the Iraq war..   Since American U. receives federal financial assistance, J. Slovinec can discuss various discrimination issues including Fisher's disrespect of J. Slovinec's desires to maintain friendships from past residency in Illinois during a "personal interview" and find employment relevant to Columbia U. research in his Statement of Purpose, one sign of "matters relating to the needs of profession and society, such as an applicant's professional goals..Disadvantaged applicants of all races must be eligible for sympathetic consideration." In p. 7 of 120 on Internet of *University of California Regents v. Bakke,* 438 U.S. 265 (1978).. Ronald Fisher pressurized J. Slovinec to accept overpriced housing and his eviction was the cause of J. Slovinec's living in a homeless shelter with bad job advising after Fisher at School of International Service.

**Allegations of specific unlawful actions under Age Discrimination in Employment Act**

    On the case of #4041 Administrative Assistant, when the position description said: "Bachelor's preferred" with "computer skills" which were better on J. Slovinec's resume, it was unlawful to hire a temporary worker with no Bachelor's Degree and only a community college degree and where dates in employee record were omitted for two jobs and highest responsibility seemed copying and stuffing folders: in her affidavit, Nicole Robinson said she "would have disregarded" J. Slovinec's resume on basis on "resume

6

objectives" which Plaintiff already explained was a pretext for discrimination: all positions were education positions: Nicole also exaggerated hired applicant's work on "customer service" and "receptionist" duties which were "desirable", yet listed as less important than education and computer work.

On the case of #1877 it was unlawful to hire a younger employee with less than "two years office experience" in job description with one semester as an intern and work outside an office as cook and therapist for children when J. Slovinec had more than seven years of office experience.

Since the job description on Job #2940, School of Public Affairs, Dean's Office said "college work can substitute for work experience", it became a discriminatory violation of Age Discrimination in Employment Act when Anne Schmitt wrote she wanted to "disregard resume" on basis of job objectives when J. Slovinec had more years of relevant office experience than hired applicant and J. Slovinec's work experience was in government, the Dean's area of Public Affairs and she discriminated in favor of someone who worked on Literature, an unrelated area.. Dean Leo Grande, Anne's boss, is partially responsible for the lousy community relations of American U. where after J. Slovinec was evicted like he was at a domestic violence shelter in Markham, Illinois, J. Slovinec was dumped at the CCNV homeless shelter where black churches were expected to help him find work when he never met them before: Joseph Slovinec has been on food stamp dependency since he left American U. in August 2005 and he cannot replace American U. as his professional school which nominally claims he can return if a wealthy donor gives him money for Peacebuilding. American U. has thinly concealed wealthy white Republican-leaning condescension towards blacks who they expect to help J. Slovinec find work when he is on food stamps; American U. does not want to hire him as a receptionist, Mr. Khalid ignores the many hotels, stores, and historically black places who also refused to hire him for work. Mr. Kerwin is cautioned to avoid more confrontations which could come to new Mayor Fenty's attention with a new D.C. Homeless Services Reform Act.

Mr. Slovinec is sorry to learn of the death of ex-President Gerald Ford who was honest and respected when he kept American at peace: he had conflicts like the headline Which read: "Ford to New York: Drop Dead" on a budget conflict which J. Slovinec thought about a few days ago: yet he was mostly a popular man. J. Slovinec will postpone questions on American U.'s dealings with U.S. Secretary of Education Margaret Spellings who after Sallie Mae granted J. Slovinec a loan deferment to attend American U., Spellings stubbornly insisted on putting J. Slovinec's other William D. Ford Loans in default in June 2005, forbidding him from accepting a school offer at Roosevelt University in Chicago in September 2005 or any schooling with federal aid including probably state schools and undergrad schools, and using Herbert Hoover tactics of forcing J. Slovinec to reside in a mostly black homeless shelter and look for work when Ronald Fisher refused permission for a reference. .
SERVICE
To Hisham Khalid, Legal Counsel of American University, 3201 New Mexico Av., N.W., Washington, D.C. 20016
Joseph Slovinec, 425 2nd St., N.W., Washington, D.C. 20016   December 27, 2006

*Joseph Slovinec* (signature)