UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOSEPH SLOVENIC, | ) ) ) ) | |
| Plaintiff | ) | Charge No. 06-CV-455(GK) |
| -v- | ) ) | |
| AMERICAN UNIVERSITY, | ) ) | |
| Defendant | ) ) ) | |

**REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Nothing in plaintiff's rambling opposition alters the conclusion that defendant American University is entitled to summary judgment. To the contrary, plaintiff has offered no evidence in support of his opposition, and none of his speculative assertions even comes close to showing a "demonstrably discriminatory motive," as the law requires. *Benn v. Unisys Corp.*, 176 F.R.D. 2, 9 (D.D.C 1997) ("[t]he Court cannot second-guess an employer's personnel decision absent demonstrably discriminatory motive") (quoting *Fischbach v. D.C. Dep't of Corrs.*, 86 F.3d 1180, 1183 (D.C. 1996)).

Plaintiffs' opposition appears to rest primarily on his subjective belief that his qualifications were "better" than those selected for the 18 positions at issue, and that those selected had "less education and experience" than he. But a plaintiff's purely subjective assessment of his qualifications is legally irrelevant. *Ramsey v. Derwinski*, 787 F. Supp. 8, 10-11 (D.D.C. 1992). *See also, e.g.*, *Williams v. Cerberonics, Inc.*, 871

F.2d 452, 459 (4th Cir. 1989) (same); *Smith v. Chamber of Commerce of the United States*, 645 F. Supp. 604, 608 (D.D.C. 1986) (same).

Moreover, "the court must respect the employer's unfettered discretion to choose among qualified candidates," *Fischbach*, 86 F.3d at 1183, and summary judgment is warranted even when – unlike this case – "small differences" in qualifications make the challenged employment decision a "close call." *Stewart v. Ashcroft*, 352 F.3d. 422, 430 (D.C. Cir. 2003). The University has presented extensive evidence that each of the numerous decisionmakers whose actions are challenged by plaintiff made their hiring decisions based on completely legitimate criteria, and that age-based animus played no role whatsoever in their decisions. *See* Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment ("Def.'s Mem.") at 13-30 and Exhibits 9-26 thereto. Plaintiff still has not presented (and cannot present) any evidence to the contrary.

Lacking any probative evidence of age discrimination, plaintiff appears to suggest in passing that he was subjected to retaliation. He has presented no evidence in support of this newly minted assertion, however, and there is none. In any event, plaintiff did not allege retaliation either in his Complaint or in his charge with the Equal Employment Opportunity Commission, and he therefore is barred from alleging retaliation in this case. *See Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995); *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). *See* Def. Reply Exhibit 1.

In sum, plaintiff's "failure to hire" claim fails as a matter of law because the undisputed record shows that various decisionmakers concluded for completely legitimate reasons that plaintiff should not be selected for the positions he sought, and

because plaintiff has no evidence that those decisionmakers' reasons were pretexts for unlawful discrimination. Def.'s Mem. at 13-30 & Exhibits 9-26 thereto. Plaintiff "bears the ultimate burden of establishing that he has been the victim of illegal discrimination." *Kalekiristos v. CTF Hotel Mgmt. Corp.*, 958 F. Supp. 641, 669 (D.D.C.), *aff'd*, 132 F.3d 1481 (D.C. Cir. 1997). His opposition does not even begin to satisfy that burden, and the University's Motion for Summary Judgment should be granted.

        Respectfully submitted,

        AMERICAN UNIVERSITY

        /s/
        Hisham Khalid
        D.C. Bar No. 445494
        Associate General Counsel
        Office of General Counsel
        4400 Massachusetts Avenue, NW
        Washington, DC 20016-8165
        (202) 885-3285

        Attorney for Defendant

Dated: January 12, 2007

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Reply in Support of Defendant's Motion for Summary Judgment to be served by first-class mail to the Plaintiff at the address below:

Joseph Slovenic
425 Second Street, N.W.
Washington D.C. 20001

/s/
Hisham Khalid

Dated: January 12, 2007