RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

IN THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA

Joseph Slovinec,    06-455
   Plaintiff,    (gk) Judge Kessler
Vs.
American University,    Replies to oppositions due:
   Defendant    January 15

MOTION TO STRIKE EXHIBIT 9 FOR IMPROPER PURPOSES UNDER FEDERAL RULES OF CIVIL PROCEDURE 26 AND 37; MOTION UNDER RULE 37 TO COMPEL DISCOVERY FOR POSITION 1728 WHICH AMERICAN UNIVERSITY OMITTED

RECEIVED
JAN 13 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1. Plaintiff J. Slovinec motions the court under Federal Rules of Civil Procedure 26 and 37 provisions for "improper purpose" and not allowed under "existing law" to strike all of Exhibit 9 in pleadings of Defendant including Affidavit of Jennifer McCann: these were pleadings to support Motion for Summary Judgment for Position 1402 Communications Specialist, which was not included in the EEOC Complaint, and where American University deceptively or erroneously tries to gain an advantage with hiring of one employee over 40 to refute J. Slovinec's other accusations of age discrimination. The court is asked to please see Appendix A from the Original Complaint: "18 jobs" on the Charge Questionnaire which are typed by American University's Penelope Rivera on Feb. 1, 2005: Positions 1897, 3617, 4490, 2914, 4928, 5396, 4041, 1717, and 4299 and by Ms. Rivera on April 7, 2005: 5412, 5422, 1058, 3673, and 1877: end at Customer Relations Representative: At Mr. Khalid's office in his Deposition Exhibit 7, Sept. 27, 2006 it was made perfectly clear to Mr. Khalid that Joseph Slovinec's handwritten note (Joseph Slovinec's Job Applications) after 4/12/05 only included four more positions: 5473 American U. Program Coordinator GLBTA (Gay, Lesbian), 1713 Senior Administrative Clerk SIS, 1728 STAFF ASSISTANT SCHOOL OF PUBLIC AFFAIRS WHICH AMERICAN U. OMITTED FROM DISCOVERY, and 5470 Project Coordinator, Commission on Federal Election Reform. Accusations of improper purpose under Rule 26 include Mr. Khalid's desire to imply J. Slovinec misleadingly portrayed himself as a police communications specialist and contrast him with an ex-Defense Department employee over 40 which could arouse resentment since J. Slovinec is a liberal who criticized the Iraq war and was not required to register for the draft since he was 18 between 1975 and 1980 when registration was required for males born in and after 1960. Brenda Harner's office dropped any inclusion resume of J. Slovinec in the pile for 1402 and J. Slovinec did not want to include Job 1402 in the EEOC Charge in the Complaint: the Affidavit is not in Ms. McCann's interest.

2. Plaintiff motions the court under Federal Rule of Civil Procedure 37 to conduct discovery on American U. Job 1728 Staff Assistant, School of Public Affairs which American U. maliciously or erroneously omitted in discovery procedures under Rule 26. The School of Public Affairs was already accused of discriminating against J. Slovinec for age and age-related reasons including that although he has 7 years of state and county government experience including receptionist duties at the state, it was in Illinois and American U. discriminated against his past in Chicago, Cook County, Illinois.

3. The court is asked to delay any ruling on the Motion for Summary Judgment until after ruling on this motion. Discovery was not properly completed and it would be discourteous for the court to rule on Defendant's Motion for Summary Judgment until discovery is done on Job 1728.

4. The court is asked to read Appendix B, probably the first of several letters to Mayor Adrian Fenty to accuse American University of harassment of J. Slovinec including "exploitation" by dumping his job search advising on two job services primarily for poor, African-American areas. J. Slovinec might ask Mayor Fenty to agree with Interim President Cornelius Kerwin's office on mediation on whether or not J. Slovinec could actually complete the Graduate Certificate in Peacebuilding by Summer 2008: Dr. Fisher's offer still claimed this was feasible yet financial grants or earnings from J. Slovinec seem to make it impossible.

5. In addition to tuition remission or free tuition for American U. employees, Dean Goodman has a tuition remission program for minorities including blacks according to information which was received from Mr. Khalid. Professor Ronald Fisher has several disagreements with J. Slovinec for not recognizing him as a disadvantaged white [disadvantaged] in the Bakke case and also "matters relating to the profession and society." *University of California Regents v. Bakke*, 438 U.S. 265 (1978). If he can truthfully hold a consultation with Dr. Fisher, Mr. Khalid can work on a response to Appendix C, this memo to Congressional committees which was delivered for general purposes mostly not related to this case: it seeks to establish Mr. Slovinec's professional competency on foreign policy issues to the Senate Foreign Relations Committee and also says on page 2 Fisher's actions were detrimental to the foreign policy profession: "American University refused to allow me to use an emergency loan program although my grades were high enough and I believe Dr. Fisher used the pretext of my unpaid bill to refuse to grade a controversial paper which criticized Bush. I will provide more details on my criticisms of Dr. Fisher's textbook with the author Kriesberg which only had five pages on Iraq and Kuwait: Fisher also seemed to want to pressurize the Illinois government to pay his bill, and I could not justify this" : an affiliate of the Illinois student loan program in Delaware, National Education, about April 23, 2005 said they would only give J. Slovinec a loan with a cosigner and Plaintiff could not find one in the Washington, D.C. area where Fisher's actions pressurized him against returning to Illinois.

6. The default request was related to American U.'s lack of cooperation during discovery in answering questions on issues like Dr. Fisher's refusal of permission to give J. Slovinec a job reference or what he would have done if a Democratic Senator from Illinois or Congressman called him for a reference: this left J. Slovinec with only one reference for Professor Nan which is probably not numerous enough for these positions J. Slovinec applied for during October 2006 on the entry-level jobs list on American U. Professor Said's website for International Peace and Conflict Resolution: Faxes were sent from Jobs Have Priority to Inga-Elizabeth Hawley at Society for International Development 1875 Connecticut Av., N.W., Washington, D.C., Sarah Gauger Hunt, Alternatives Fund 2040 S St., N.W., Fellowship of Reconciliation, Lissa Lewis, Institute for International Education, 1400 K St., N.W., Washington, D.C.

.PROOF OF SERVICE IN U.S. MAIL: To: Hisham Khalid, American U. Legal Counsel, 3201 New Mexico Av., N.W., Washington, D.C. 20016
Joseph Slovinec, 425 2nd St., N.W., Washington, D.C. 20001 January 12, 2007

*Joseph Slovinec*