IN THE UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

Joseph Slovinec,  
   Plaintiff,  
Vs.  
American University,  
   Defendant

06-455  
(gk) Judge Kessler

COURT IS ASKED TO REVIEW COURT DUTIES TO ENFORCE RIGHTS UNDER 29 UNITED STATES CODE 49B ON 'EFFICIENCY" AND RELIEF FROM AMERICAN UNIVERSITY'S CAUSING OF PLAINTIFF'S DEPENDENCY ON FOOD STAMPS: RELEVANT AND OTHER DOCUMENTS

1. In a review of his papers, Plaintiff discovered several items which are related to his dependency on food stamps and other issues. There is a relevant issue of American University's lack of communications and positive community relations with governments of either Montgomery County, Maryland and District of Columbia to ensure that J. Slovinec would receive access to the job market while he was on food stamps: the "minimum standards of efficiency" were not observed in 29 U.S.C. 49a and **since he is on food stamps, Plaintiff believes he is forbidden from refusing any job offer under 29 U.S.C. 49(b):** a "State agency charged with the administration of the food stamp program in a State (or D.C.) under the Food Stamp Act of 1977 (7 U.S.C. 2011 et seq.)shall ....furnish...information...(3) whether such individual has refused offer of employment and, if so, a description of the employment so offered and the terms, conditions, and rate of pay therefore." Mr. Khalid and Dean Leo Grande refused to discuss these issues during discovery. Appendix A is a letter from Mr. Urbina at Montgomery County Department of Social Services where J. Slovinec was required to "accept any suitable job offers." Appendix B is a letter from Ms. Birzack, who once attended American U., where J. Slovinec attended a required job fair at Gallaudet which Mr. Hassell might have alluded to in 06-1143. These jobs programs are totally ineffective and Joseph Slovinec has never been hired for a full-time job since August 2005 after many, many applications which were previously forwarded to the court. If Ronald Fisher does not apologize for his actions, Joseph Slovinec has intent to forward the e-mail in Appendix C in a complaint to Mayor Fenty to ask for a D.C. investigation of Ronald Fisher for harassment of Plaintiff when he was a homeless shelter residency with excessive bill requests when American U. can afford tuition waivers. Mr. Khalid should write J. Slovinec within 7 to 14 days if he wants to avoid this complaint since Mayor Fenty has legal authority which is independent of this particular court case: policies are interrelated.. D is one of the forms which Ingrid Valentine allegedly sent to Montgomery County. Maryland on food stamps for J. Slovinec: when Char Rosnick at Congressman Van Hollen's office told Ingrid the form was required by law in Maryland, J. Slovinec believes Ingrid also sent another form: in this she wrote "never received financial aid", not exactly ineligible although she probably told Mr. Van Hollen's office something else on the phone. Appendix E are two of

RECEIVED  
JAN 17 2007  
NANCY MAYER WHITTINGTON, CLERK  
U.S. DISTRICT COURT

at least five D.C. jobs J. Slovinec applied for with no interviews: a subpoena could verify these before a trial.

2. Appendix F requires more detail. It is with proper courtesy that Joseph Slovinec informed American University that J. Slovinec resided in Illinois from 1989 to 2004 and in the Statement of Purpose he described that: J. Slovinec received an A grade from Illinois Department of Central Management Services for Library Associate for a period of one year from February 2005 to February 2006. When he could have been interviewed for that position if J. Slovinec returned to Illinois to Roosevelt University on financial aid in September 2005, a cutoff of federal loans by Mary Muncie in office of Secretary of Education Margaret Spellings and a result of no job offers from American U. meant J. Slovinec was pressurized to stay in a detention-center type atmosphere at the Community for Creative Nonviolence homeless shelter in Washington, D.C. on food stamps ever since August 2005 with zero in savings account in early 2006 and zero dollars of income between April 2005 and February 2006. It is also noted someone at American U. President Benjamin Ladner's office quoted J. Slovinec's "behavior" was the reason for the barring order, the same term as convicted Illinois Governor George Ryan's aide used in falsified records which claimed J. Slovinec did inspections of nursing homes when . Slovinec did not: with only visits for medical assistance. Appendix G is from one of several internships J. Slovinec had at Columbia University which included media and School of Communications type-isses: since J. Slovinec had internships also at Columbia of one semester at International Peace Academy and Center for Inter-American Relations, in addition to one year of administrative support work for Columbia's Vice President of Government Relations, J. Slovinec actually had better qualifications than the applicant American U. hired for Job 1713 Senior Administrative Clerk: unlawful discrimination occurred with Joseph Clapper's affidavit says he would have "discarded" resume when Joseph Slovinec's Master's Degree in International Affairs at Columbia was identical qualification to Master's Degree from American U. School of International Service.
Appendix H, together with earlier pay stub, indicates J. Slovinec cannot afford to pay American U. bill: a polling firm near UDC/Van Ness hired him only on a part-time basis after his other main job was standing up holding picket signs for a labor union: his total income for 2006 was only about $2500 including one pension refund from Illinois and $75 from Adrian Fenty's campaign. Joseph Slovinec will soon write U.S. Attorney General Gonzales formally to ask him to consider arguments for intervention until about Feb. 1. J. Slovinec will allege Judge Filip's ruling on Feb. 22, 2005 to end his lawsuit in Illinois was wrong since it ignored evidence Cynthia Faleti at Il. Dept. of Human Services violated 20 ILCS 415/19c1 when she denied J. Slovinec a promotion because he reported an illegal misuse of his computer without informing him to illegally list fraudulent discharge of a Columbus Manor patient without a doctor's certification under 42 U.S.C. 1396r: if the case can be revived, Illinois Attorney General Lisa Madigan might be asked to settle it under 20 ILCS 415/19c 1 provisions which are less than amounts under 740 ILCS 175/4 with reinstatement and back pay  P. 2

J. Slovinec is suspicious of any links between Republican, CIA-leaning Ladner and George Ryan's Republican Attorney General James Ryan who was believed hostile to J. Slovinec's returning to Illinois: he influenced Lisa Madigan to hire a plant who worked for Ryan, Deborah Allen, where Filip ignored J. Slovinec's allegations Allen was dishonestly influencing him to dismiss case on basis of sovereign immunity which is unconstitutional under Illinois law, false statements on amount of exceptions under Illinois Tort Immunity Act, and a materially false statement that J. Slovinec's June 2002 lawsuit was not within one year of alleged defamation from Illinois Labor Relations Board Director Brian Reynolds on April 30, 2002.  735 ILCS 5/13-201.  A cc: is sent to U.S. Attorney General Alberto Gonzales which notes the Illinois General Assembly consented to J. Slovinec's lawsuit under Il. Personnel Code 20 ILCS 415/19c and whistleblower and ethics laws and Judge Filip was wrong to support Reynolds when J. Slovinec was patients' caseworker and Reynolds listed private bank accounts of patients in public file with neither permission of patient or caseworker in violation of both 5 U.S.C. 552 and 5 ILCS 140/7: he is asked to consider arguments other than the Department of Justice's website text since both Illinois and U.S. have similar Freedom of Information Act provisions.  There is a worse problem since U.S. Court of Appeals has not responded to allegations it seemed to improper delete case from its systems, and J. Slovinec could ask for testimony from Linda Wawzenski, assistant to U.S. Attorney Fitzgerald, who knew about case although she declined intervention. **Mr. Gonzales is reminded the Illinois Dept. of Central Management Services still grants him standing in case with limitations as D.C. resident: "Illinois residents have hiring preference over non-residents when qualifications are substantially equal": CMS could have interviewed me, J. Slovinec, on A list after it interviewed all current Illinois residents on list.** Job Application Steps: http://www/cms.il.gov/cms/1 employ J. Slovinec is still optimistic U.S. Dept. of Justice could intervene on Food Stamp Employment Training, discrimination against homeless, and other issues in this case including whether or not J. Slovinec could return to Illinois, an issue which could cause confusion to Illinois state officials who he knew before 2005.

CC: Sent to U.S. Attorney General Alberto Gonzales, 950 Pennsylvania Av., N.W., Washington, D.C.
PROOF OF SERVICE: In U.S. Mail to: Hisham Khalid, Legal Counsel's Office, American University, 3201 New Mexico Av.., N.W., Washington, D.C. 20016
Joseph Slovinec, 425 2nd St., N.W., Washington, D.C. 20001 January 17, 2007

3

*Joseph Slovinec* (signature)