
IN THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA

Joseph Slovinec, Plaintiff,                    06-455(gk)
                                               Judge Kessler

Vs.

American University,   Defendant

FILING OF MEMO OF COMPLAINT TO U.S. SENATOR PATRICK LEAHY AND SENATE JUDICIARY COMMITTEE: DANNER-EDWARDS AS THE BASIS FOR PRETRIAL PRODUCTION OF ESPECIALLY WRITING SAMPLES, AND ALL E-MAILS IN AMERICAN UNIVERSITY'S FILES

Plaintiff Joseph Slovinec respectfully informs Judge Kessler, Interim President of American University Cornelius Kerwin, American University's attorneys in this case and related 06-1143, of the filing of the attached Memo of Complaint to U.S. Senator Patrick Leahy and Senate Judiciary Committee on alleged civil liberties violations at American University which Plaintiff J. Slovinec claims are related to his liberal and Democratic Party foreign policy views: these violations include how since his eviction from American U. dorm Park Bethesda, J. Slovinec has been kept against his will in circumstances similar to arbitrary detention and house arrest at the Community for Creative Nonviolence homeless shelter since August 2005 with only provision of a no-cash food stamps program from the administration of Washington, D.C. Mayor Anthony Williams.  Plaintiff Joseph Slovinec cites Danner-Edwards as the basis for a request for a pretrial order for American U. to produce all e-mailed materials and all records on Joseph Slovinec in its files: however, a precise date has not yet been selected for an order to produce these materials.   The Library of Congress has a work by Douglas Danner and Nina Edwards, PATTERN DISCOVERY: EMPLOYMENT AND LABOR LAW.  American U.'s attorneys are asked to read carefully these sections above work, Danner-Edwards' Discovery: Employment and Labor Law, 8:25 Public Policy Violation: J. Slovinec claims it is detrimental to public good when American U. refuses to mediate its actions which caused J. Slovinec's dependency on food stamps under Food Stamp Act and programs under D.C. Homeless Services Reform Act, 10:24 Education Records: discovery should include all records kept by American University "regardless of whether Plaintiff completed program" and "all testing records" on Plaintiff's work skills among all documents and records for Deposition 12:18.  After a note to Justin Perillo under FERPA, American University seems to delay production of these records as leverage to attempt to gain money for an unpaid bill.  J. Slovinec could consent to raising of money for a grant or perhaps an emergency loan to pay bill: however, it is difficult and American U. is notified it is a hopeless case to either ask for payments for Spring 2005 bill or federal student loans: J. Slovinec only earned about $2700 from demeaning salaries in 2006, and there is no improvement when the total of two paychecks during March was only about $426.  J. Slovinec hopes to persuade American U. it is better for an honest, open court procedure on academic freedom to release writing samples like J. Slovinec's papers on Kashmir, Colombia, and Arab League: nearly all of these were stolen at CCNV or thrown out during eviction. Senator Leahy will receive a similar copy to this if theft occurs. Thank you. COPIES TO: U.S. Senator Patrick Leahy and U.S. Senate Judiciary Committee, U.S. Senate, Washington, D.C. 20510 and Interim President Cornelius Kerwin, American University, 4400 Massachusetts Av., N.W., Washington, D.C. 20016 PROOF OF SERVICE:  To American U. Legal Counsels: Hisham Khalid, 3201 New Mexico Av., N.W., Washington, D.C. 20016 and Christopher Hassell, Bonner Kiernan, 1233 20th St., N.W. Joseph Slovinec, 425 2nd St., N.W. Washington, D.C. 20001 April 11, 2007

*Joseph Slovinec* (signature)

RECEIVED APR 11 2007 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT

MEMORANDUM TO U.S. SENATOR PATRICK LEAHY AND THE SENATE JUDICIARY COMMITTEE
FROM: JOSEPH SLOVINEC, 425 2ND ST., N.W., WASHINGTON, D.C. 20001   *Joseph Slovinec*
IN PUBLIC FILES FOR U.S. DISTRICT COURT CASES 06-455 AND 06-1143, SLOVINEC V. AMERICAN U.

    This note addresses three topics: my desire to fairly and appropriately discuss Congress in my lawsuits against American University, to ask for investigation of civil liberties violations at American University in my lawsuits 06-455, EEOC age discrimination, and 06-1143, defamation; and with overall respect for U.S. Attorney General Gonzales' leadership on indictments of Colombia FARC rebels and ex-Governor George Ryan in Illinois, my reservations are expressed to the U.S. Senate Judiciary Committee on Mr. Gonzales' deputies and their lack of interest of investigation of American University's and affiliates' violations or disrespect for my rights under the Welfare Reform Act, McKinney-Vento and D.C. Homeless Services Reform Act, and my lack of access to free legal counsels in D.C. on American University cases when I only earned about $2700 in 2006.

    I.   INCLUSION OF CONGRESS IN LAWSUIT

    I have already included a letter from Congressman Chris Van Hollen (D-Maryland) on delays of American U. Financial Aid Asst. Director Ingrid Valentine in processing my food stamp applications in 2005 and this was about the same time Ingrid ignored my request for an emergency loan for Spring 2005 which ruined my career. American U. pressurized me to apply for private loans and I was turned down for every one  American U. would not hire me themselves and was not sincere in aiding me to find a job in D.C.: I was ruined after American U. Professor Ronald Fisher, Director of the Graduate Certificate program in Peacebuilding, lured me from a secure rental in Chicago, Illinois at $575 per month to the overpriced Park Bethesda AU dorm at $1393 per month, a type of mismanagement and greed of ex-American U. President Benjamin Ladner's administration which Senator Grassley and Finance Committee tried to discuss with American U..  I have resided in the Community for Creative Nonviolence homeless shelter on food stamps ever since August 2005 when U.S. Secretary of Education Spellings' office refused to give me a federal loan to return to Chicago to attend Roosevelt University: her office said I had a default after I got a loan deferment in January 2005. At the same time as my messages in pleadings to Senator Grassley and Finance Committee, Senator Biden, and Senator Reid in December 2006, I also included an intended message to you which I did not get around to delivering until this week's message.  On a DNC-related website, I only found one related case RANDALL V. SORRELL U.S. S.Ct. 04-1528. I decided to narrow the scope of my discussion of Congress in this to:

1. Citations in Bluebook style
2. Direct involvement in case: Mr. Van Hollen, an e-mail from Zen Hunter at Professor Said's office who invited me to a May 2005 memorial service for Marla Ruzicka which you attended.
3. Illinois separation and peace activist issues: purposes of Ronald Fisher's program

When I reviewed my schedule before American University's staff barred me from visiting campus May 17, 2005, probably due to the unpaid bill, I noted the Public Safety staff also probably perceived me with hostility as a left-wing agitator or troublemaker for Ladner: I received an e-mail from Federal Bureau of Investigation on a job application and I note your committee has oversight over F.B.I.; attending the Ruzicka service; and attending the National Law Enforcement Officers' Memorial where I saw Mr. Gonzales. A discontented AU employee, Reginald Green, asked for an investigation of Ladner a few

weeks earlier. I welcome your comments.    I am still deliberating on a difficult section about Illinois where I was a resident of Chicago 1989-2004 and a civil liberties issue where I believe Fisher and Ladner's administration actually wanted to aid conservative Republicans in repressing critics of the Iraq war.  I am cautioning Congress that Fisher's main textbook by Kriesberg only had five pages on Iraq and Kuwait and this lack of information would not have been popular among Illinois U.S. Senators, officials, or state government:  Fisher and American U. staff sought to viciously pound me to produce money from my Illinois Democratic, Catholic Church, or other contacts to pay his bill after I ran out of my own money mostly because Fisher's admissions committee postponed my proposed starting date from August 2004 to January 2005 after Bush's election.  During the trial, I plan to express concerns American U.-backed conservatives might try to infiltrate supporters of Congresswoman Maxine Waters' Out-of-Iraq Caucus which included ex-Congressman Lane Evans, a Vietnam veteran in a pro-labor union area: types I feel are left out at the wealthy American University.    I could only find a few court cases on how to include issues about Congress in my lawsuit. One of these cases is:  RITA BASTIEN V. THE OFFICE OF SENATOR BEN NIGHTHORSE CAMPBELL, No. 02-1343 in U.S. Court of Appeals, 10th Circuit (Filed 2004) (http:/www.kscourts.org/ca10/cases/2004...)(please understands capitalization: italics do not work on my computer today). It notes the Free Speech and Debate Clause where members cannot be questioned on another place (U.S. Const., Art. I, section 6) although hiring practices of offices can get complaints 2 U.S.C. 1405 and 1408.  The Free Speech and Debate clause is also included for Senator Gravel  on the Pentagon Papers, GRAVEL V. U.S. 408 U.S. 606 (1972). I have not accused the office of Senator Obama or Congressional offices of discrimination in hiring against me yet in 06-455 (with still talk of consolidating certain issues with 06-1143) I have included on a food stamp-related form several U.S. Senate staff job openings with Sergeant-at-Arms Pickle's office and posted opening with Congressman Tom Lantos, Chairman of the House International Relations committee on Dean Goodman's employer placement list in 2005. I would emphasize to American University's attorney Christopher Hassell this protected the rights of American University staff and public safety to criticize the arrests at the Sudanese Embassy of Mr. Lantos and Congresswoman Eleanor Holmes Norton (D – D.C.).  This was considered direct action or protests like Dr. King which are less severe than "political protesters engaged in  civil disobedience", grounds for investigation under Section 802 the Patriot Act. However, I emphasize I never attended or encouraged organization of illegal demonstrations and defamation was charged in Case 06-1143 when Michael McNair and Maurice Carter barred me from visiting American U.'s campus for "disruptive activities":  American U. rules and customs allowed me to distribute with consent of offices an institutional grievance letter which U.S. Secretary of Education Margaret Spellings' office claimed  I had the right to file: YOUR COMMITTEE'S INVESTIGATION IS REQUESTED BECAUSE A MAIN CAUSE OF BARRING WAS MY COMPLAINT IN THE MAY 12, 2005, LETTER OF SPELLINGS ABOUT AMERICAN UNIVERSITY ABOUT AN EVICTION THREAT FROM AMERICAN U. HOUSING AND DINING DIRECTOR JULIE WEBER AND WHAT MARYLAND OFFICIALS ACTUALLY TOLD ME:  MONTGOMERY COUNTY'S HOMELESS SHELTERS DURING THE SUMMER WERE ONLY AVAILABLE FOR MENTALLY ILL AND SUBSTANCE ABUSERS, AND I COULD NOT USE THEM:  INVESTIGATION IS MERITED SINCE SPELLINGS AND MCNAIR COULD BE INVOLVED IN AN EFFORT TO COVER UP EMOTIONAL ABUSE OF EVICTED STUDENTS BY MARYLAND AUTHORITIES WHO RECEIVED LARGE FUNDS FOR FEMA FOR THE HOMELESS FROM FEDERAL AUTHORITIES, an issue Alberto Gonzales' office did not seem to want to investigate when I asked for limited intervention on issues related to case.     END PAGE 2 OF MEMO.

THIRD PAGE OF LEGAL MEMO TO U.S. SENATE JUDICIARY COMMITTEE: MESSAGE TO INTERIM AMERICAN UNIVERSITY PRESIDENT CORNELIUS KERWIN FROM: JOSEPH SLOVINEC, 425 2ND ST., N.W., IN AND ADMITTED TO PEACEBUILDING 2005    I send respectful greetings. I have done my best to communicate with you about your reforms at American University and efforts to resolve my lawsuits against American University, more so 06-455 than 06-1143. Denial of an emergency loan was unfair to me since I lack organizational or government sponsors like United Nations employees at Dr. Fisher's institute and government executives at School of Public Affairs: Key Executive Leadership. Unfortunately, today, April 11, 2007, I felt I needed to ask U.S. Senate Judiciary Committee Chairman Patrick Leahy, his committee, and staff to investigate connected civil liberties violations and devastating economic policy discrimination against me ever since I attended American University's Graduate Certificate in Peacebuilding classes in 2005. Your office has said you should depend on legal advice, yet I hope Senator Leahy reminds you that you need to supervise your lawyers for accuracy. I assume the American U. President and Board of Trustees adopted the policy "Discrimination and Discriminatory Harassment"; "The university respects the right of its members to hold, vigorously defend, and express their ideas in an atmosphere of mutual respect, understanding, and sensitivity...However, the right to free expression does not excuse engaging in discrimination and discriminatory harassment." In representation of American U. policy against my case, both attorneys have improperly voiced opinions which contradict the above policy. In 06-1143, Christopher Hassell stated the Defendant and Public Safety does not feel the First Amendment is applicable to it: free expression means support for the First Amendment. In 06-455, Hisham Khalid claimed the main reason for barring me from campus was that I disrupted a meeting of the President's Cabinet to warn Benjamin Ladner of my impending welfare or bankruptcy (I have not used my rights to declare it due to lack of access to legal counsel.) Benjamin Ladner consented to recognize me at this open public meeting at April 19 and I did not speak out of turn: American U. is wrongfully deceiving the Washington, D.C. community that on April 19 I did activity contrary to An anti-"disruptive activity" ordinance D.C. Code 22 -3302: I allege barring resulted from my unpaid bill and civil liberties issues when I had little other choice than to distribute to several campus offices, with consent and without interfering with office operations, a May 12, 2005 letter of complaint to U.S. Secretary of Education Margaret Spellings: it complained on lack of access to homeless shelters in Maryland and financial aid, and on Professor Fisher's decision not to grade a paper which criticized Bush's lack of consultations with the Arab League before the 2003 Iraq war. I lack time to discuss Dr. . . Fisher more today: HOWEVER, YOU LIKE DEAN LEO GRANDE HAVE A MORAL RESPONSIBILITY FOR LEADERSHIP IN PUBLIC AFFAIRS AND ADMINISTRATION: EVEN IF I DID NOT GET A COURT ORDER TO COMPEL ANSWERS, I INFORM THE SENATE IT WAS WRONG WHEN HISHAM KHALID REFUSED TO ANSWER QUESTIONS ON THESE SOCIAL POLICY ISSUES: INTERROGATORY 6 ON JOB SEARCH ADVISING ROLES OF SIS DEAN GOODMAN, DR. FISHER, AND LOCHLANN BOYLE; #8 ON DEAN GOODMAN'S REFUSAL TO ANSWER QUESTIONS ON J. SLOVINEC'S FEELING IT WAS A BAD IDEA TO KEEP HIM ON CAMPUS WITH NO FINANCIAL AID, #11 BISHOP SCHOL'S REFUSAL TO ANSWER QUESTIONS ON METHODIST SHELTER AT METROPOLITAN MEMORIAL CHURCH. EXPLOITATION EXISTED WHEN AFTER AMERICAN U. MANIPULATED J. SLOVINEC TO STAY AT PARK BETHESDA AND THEN EVICTED HIM, AMERICAN U. DUMPED RESPONSIBILITY FOR J. SLOVINEC ON SEVERAL MOSTLY BLACK INSTITUTIONS: CCNV SHELTER WHERE A CASEWORKER ONLY SUGGESTED A KITCHEN WORKER JOB TRAINING PROGRAM, MEDICAL ASSISTANT AT SOME, STRIVE, CATHOLIC CHARITIES, GOODWILL, CEEP..

*Senator Leahy could receive another related letter.*

*JS*