IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIAIA

RECEIVED
U.S. DISTRICT COURT

Joseph Slovinec,

06-455 2007 AUG 28 PM 11: 46

Plaintiff,

(gk) Judge Kessler NANCY M.
MAYER-WHITTINGTON
CLERK

Vs.

American University,

Defendant

MOTION FOR COURT TO RESPOND WITHIN 7 DAYS, OR BY SEPTEMBER 5, WITH ANY GUIDELINES FOR TESTIMONY OR FUTURE SUBPOENA ABOUT J. SLOVINEC'S PERFORMANCE OF RECEPTIONIST DUTIES AT ILLINOIS DEPARTMENT OF HUMAN SERVICES

.1.  This brief to American University is respectfully directed to United States District Court Judge Gladys Kessler in Washington, D.C., Illinois Attorney General Lisa Madigan, and the United States Attorney for the Northern District in Illinois, Mr. Patrick Fitzgerald.  On the 29th day of August, 2007, Plaintiff Joseph Slovinec motions the court and Judge Kessler to respond within 7 days or by September 5, 2007 to his request for guidelines and testimony from the Illinois Department of Human Services as a Medicaid caseworker.  The Medicaid program in Illinois has federal and state jurisdiction with funds from both federal and state governments and Plaintiff Joseph Slovinec has never been able to obtain a full-time job since his layoff on June 30, 2000 as a Medicaid caseworker for the Illinois Department of Human Services during the administration of ex-Governor George Ryan who was recently convicted of corruption charges in proceedings before U.S. District Court Judge Rebecca Pallmeyer in Chicago, Illinois.

2.   Illinois Attorney General Lisa Madigan is informed American University Legal Counsel Hisham Khalid is usually a reasonably diligent lawyer who unfortunately shared an attitude of lack of caring or condescension towards Illinois residents from American University Dean of School of Public Affairs William Leo Grande:  Mr. Khalid has stated twice in error that Joseph Slovinec never had receptionist duties ON PP. 15AND 26 OF A Motion for Summary Judgment in Dec. 2006..  Although Joseph Slovinec was not listed as a receptionist, he definitely had receptionist duties when he made own telephone appointments for nursing home visits and also took himself all telephone calls on admits or admissions or discharges from these nursing home administrators;  Mr. P. Abraham of Columbus Manor who usually called for his boss Patrick O'Brien who also met Mr. Slovinec; Susan Lippert of Sovereign: Hedy (probably spelled Margolin) who usually called for Elisa Shlofrock of Betcare who supervised Clayton's financial records when Clayton administraton Renita Foster supervised visits; Marilyn Serrano of St. Joseph Home; and Mr. Miner and his assistant Heidi Cummings at Golf View.  Although this testimony could mean Joseph Slovinec could win the above EEOC age discrimination case

RECEIVED

AUG 2 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

against American University, Illinois Attorney General Lisa Madigan and U.S. Attorney Patrick Fitzgerald are encouraged to support talks on whether Illinois would want to encourage J. Slovinec to return to accept an offer at Roosevelt University there which he wanted to take and could not due to financial aid reasons, or to return for a job or worker retraining in Illinois since he lacks a next of kin in D.C.

2. Joseph Slovinec tentatively plans to visit Chicago, Illinois soon after September 6 and asks Illinois Attorney General Lisa Madigan to give any appropriate advice and support his desire to request present or eventual control of all personal possessions he still has in Illinois: items at Public Storage, 1916 N. Elston, where the owner seems to have promised release if $67 is paid; an auto in Chicago's West Side pound where he still owes $930 in tickets; perhaps a few items; and any protectable property interest in the Roosevelt U. offer. J. Slovinec only has $340 per month in unemployment insurance and can narrowly afford land transport to Illinois: he might need to ask to stay in emergency facility or homeless shelter during trip so he cannot visit Deerfield at ISAC's request: a special mediation is needed to avoid bankruptcy and J. Slovinec will try to ask for food stamp and unemployment loan deferments since he is eligible for both.

*ISAC = ILLINOIS STUDENT ASSISTANCE COMMISSION*

Illinois Attorney General Lisa Madigan is also advised together with Governor Rod Blagojevich to listen to any complaints of emotional and financial abuse of Illinois students at American University School of International Service students and call on American University to return these students to Illinois or face litigation, perhaps from the Illinois government. With several Washington semester programs in Illinois, American University should not become an institution where Republicans think the chief purpose is to abuse Illinois Democratic political enemies like the Nixon Administration: American University President Cornelius Kerwin did not answer for himself and the Board of Trustees when Joseph Slovinec filed a pleading which asked American University to state respect for the election of Democratic majorities in Congress and to clarify its working relationships with Democrats since it, American University, seeks to attract Democratic Party business for its campaign institute. Although Mr. Khalid was partially correct to say American U. was not guilty of criminal predatory lending on mortgages in Illinois, the financial and lending practices of American University Graduate Certificate in Peacebuilding Director Professor Ronald Fisher resulted in situations where J. Slovinec's savings accounts went down to zero and J. Slovinec spent two years in a homeless shelter: Illinois would be wise to support J. Slovinec's belief Illinois students should not use Fisher's program during the 2007-2008 school year and Obama campaign since American U. did not agree to J. Slovinec's request for reforms: either cancelling the classes during the first two weeks with no charges; or providing emergency loans for Illinois students for the first semester at American U. if they get turned down for private loans.

2

LOAN DEFERMENT ISSUES

There will be additional issues which will be addressed to Mr. Fitzgerald: Plaintiff observes that U.S. Secretary of Education Spellings's office indicated that Plaintiff had a right to file an institutional grievance against American University for not providing federal financial aid or trying enough to gain certification for loans which is protected speech and then American U. Public Safety Unit had J. Slovinec barred for circulating the letter, partially because it asked Spellings to address violations of McKinney-Vento Act provisions by administration of Montgomery County Executive Douglas Duncan.  Future legal trouble could loom with Spellings' office since her predecessor Rod Paige did not negotiate an income-contingent loan repayment agreement which was Plaintif's right in a 1999 letter; her office tried to subsequently blame Plaintiff for not making payments in 2004 when he was unemployed, had a depleting inheritance, and she was only entitled to garnish 15% of interest income: Plaintiff had requested unemployment deferments during 2004; and the U.S. Department of Education was unclear when it seemed the Sallie Mae deferment (which will be sent to Mr. Fitzgerald) covered all Stafford loans with forbearance of earlier payments and it seems Spellings' assistant Muncie violated or did not comply with a provision in Federal Student Aid: Facing Loan Default when after she did not have a case of "270 days in the case of a loan repayable in monthly installments" and since Spellings, Muncie, and their office sent zero requests for loan payments to J. Slovinec between the January 2005 Sallie Mae deferment and a June 22, 2005 letter of default the U.S. Department of Education did not use "due diligence"in attempting to collect the loan; that is, your loan holder must make repeated efforts to locate and contact you about repayment."

(THIS MUST BE AMENDED DUE TO AN ORDER TO SHUT DOWN COMPUTER LAB)

SERVICE IN U.S. MAIL: To; American University Legal Counsel Hisham Khalid, 3201 New Mexico Av., N.W., Washington, D.C. 20016; also to Chicago, Illinois to Attorney General Lisa Madigan at 100 W. Randolph St., Chicago, Il.

Joseph Slovinec, 425 2nd St., N.W. Washington, D.C. 20001  August 28, 2007

3

*APPENDIX A* 

06-455, 8/29/2M7



# ECONOMIC HARDSHIP DEFERMENT REQUEST
## Federal Family Education Loan Program

**HRD**

Use this form only if all of your outstanding Federal Family Education Loan (FFEL) Program loans were made on or after July 1, 1993, and when your first FFEL Program loan was made on or after July 1, 1993, you had no outstanding FFEL Program loans that were made before July 1, 1993.

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form or on any accompanying documents shall be subject to penalties which may include fines, imprisonment or both, under the U.S. Criminal Code and 20 U.S.C. §1097.

OMB No. 1845-0005
Form Approved
Exp. Date 01/31/2009

### SECTION 1: BORROWER IDENTIFICATION

*IF AMERICAN U. DOES NOT SETTLE, I INTEND TO TELL SPECUNLS I'VE BEEN ELNBLE FOR BOTH THESE DEFERMENTS AFTER AUGUST 2M7*

Please enter or correct the following information.
SSN _____
Name _____ JOSEPH SLOVINEC
Address _____
City, State, Zip _____
Telephone - Home ( )
Telephone - Other ( )
E-mail Address (Optional) _____

*SAMPLE*

### SECTION 2: DEFERMENT REQUEST

*Before answering any questions, carefully read the entire form, including the instructions and other information in Sections 4, 5, and 6.*

■ I meet the qualifications stated in Section 6 for the Economic Hardship Deferment checked below and request that my loan holder defer repayment of my loan(s) beginning |__|__| - |__|__| - |__|__|. To qualify, I must meet one of the conditions listed below and must provide the required documentation, as described in Section 6, for only that condition. **(You must provide this date regardless of which condition you check below.)**

*Check one:*

(1) ☐ I have been granted an economic hardship deferment under the William D. Ford Federal Direct Loan (Direct Loan) Program or the Federal Perkins Loan Program for the same period of time for which I am requesting this deferment. **I have attached documentation of the deferment.**

(2) ☐ I am receiving or received payments under a federal or state public assistance program, such as Temporary Assistance for Needy Families (TANF), Supplemental Security Income (SSI), Food Stamps, or state general public assistance. **I have attached documentation of these payments.**

(3) ☐ I am serving as a Peace Corps volunteer. **I have attached documentation certifying my period of service in the Peace Corps.**

(4) ☐ I work full-time and my monthly income, as defined in Section 5, does not exceed the **larger of** (A) the Federal Minimum Wage Rate or (B) the Poverty Line income for a family of two for my state (regardless of my actual family size), as listed below. **I have attached documentation of this income.**

My monthly income is $ _____.

(A) Federal Minimum Wage Rate (monthly amount, based on $5.85 an hour): **$1,014.00**
(B) Poverty Lines for a Family of Two (monthly amounts): **$1,140.83** (48 contiguous states and the District of Columbia) **$1,426.67** (Alaska) **$1,312.50** (Hawaii)

*— EXCEPT ONE MONTH JAN. 2M7 (3 WEEKS)*

(5) ☐ I do not work full-time **and** my monthly income, as defined in Section 5, does not exceed the **larger of** (A) two times the Federal Minimum Wage Rate, or (B) **two times** the Poverty Line income for a family of two for my state (regardless of my actual family size), as listed above under condition (4). In addition, after deducting the total monthly payments that I am making on all of my federal education debts from my monthly income, the amount remaining does not exceed the **larger of** (A) the Federal Minimum Wage Rate or (B) the Poverty Line income for a family of two for my state, as listed above under condition (4). If my repayment period is more than 10 years, my total monthly federal education debt payments will be adjusted to reflect a 10-year repayment period. If my repayment period is 10 years or less, my holder will use my actual scheduled monthly payment amount. **I have attached documentation of my monthly income and my federal education loan debt.**

**NOTE:** *A worksheet to help you determine whether you meet this condition is available from your loan holder. Completion of the worksheet is optional. Your loan holder will determine whether you qualify based on the income and education debt information that you provide below.*

My monthly income is $ _____.

For all of my federal education loans now in repayment (including loans for which I am requesting this deferment) I owe the following amounts:
• For all of my loans that have a repayment period of 10 years or less, the total amount that I pay each month is $_____.
• For all of my loans that have a repayment period of more than 10 years, the total amount I owed when the loans entered repayment is $_____.

(6) ☐ I work full-time, and the total amount of my monthly payments on all of my federal education loans in repayment is equal to or larger than 20% of my monthly income, as defined in Section 5. In addition, after deducting the total amount of my monthly payments on my federal education loans in repayment from my monthly income, the amount remaining is less than 220% of the **larger of** (A) the Federal Minimum Wage rate, or (B) the Poverty Line income for a family of two for my state (regardless of my actual family size), as listed above under condition (4). If my repayment period is more than 10 years, my total monthly federal education loan payments will be adjusted, to reflect a 10-year repayment period. If my repayment period is 10 years or less, my holder will use my actual scheduled monthly payment amount. **I have attached documentation of my monthly income and my federal education loan debt.**

**NOTE:** *A worksheet to help you determine whether you meet this condition is available from your loan holder. Completion of the worksheet is optional. Your loan holder will determine whether you qualify based on the income and education debt information that you provide below.*

My monthly income is $ _____.

For all of my federal education loans now in repayment (including loans for which I am requesting this deferment) I owe the following amounts:
• For all of my loans that have a repayment period of 10 years or less, the total amount that I pay each month is $_____.
• For all of my loans that have a repayment period of more than 10 years, the total amount I owed when the loans entered repayment is $_____.

### SECTION 3: BORROWER UNDERSTANDINGS AND CERTIFICATIONS

■ **I understand that: (1)** I am not required to make payments of loan principal during my deferment. However, interest will be charged on my unsubsidized loan(s) during my deferment. Interest will not be charged on my subsidized loan(s) during my deferment. **(3)** I may choose to make interest payments on my unsubsidized loan(s). **(2)** I have the option of making interest payments on my unsubsidized loan(s) during the deferment period.

☐ I wish to make interest payments on my unsubsidized loan(s) during my deferment.

■ **I certify that** the information I provided in Sections 1 and 2 above is true and correct, and that I have read, understand, and meet the terms and conditions and eligibility criteria of the deferment for which I have applied, as explained in Section 6.

Borrower's Signature _____

Date _____

*SAMPLE-UNSIGNED*