IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Joseph Slovinec,   06-455 (gk)
   Plaintiff,   Judge Kessler
Vs.
American University, Defendant

MOTION FOR STAY IN PROCEEDINGS FOR AT LEAST 20 DAYS TO ALLOW CORRECTIONS OF UNCLEAR OR ERRONEOUS LANGUAGE IN DOCUMENTS BEFORE APPEAL

1. Plaintiff motions the court under Fed.R.Civ. P. 58, a separate document for every judgment, and Fed.R.Civ.P. 60 for a stay of proceedings for 20 days to correct unclear, erroneous, or defective language in relevant court documents with an extension of time for Plaintiff to prepare pleadings for an appeal: this is partially because Judge Kessler's October 15 ruling does not use the words "dismiss case" and is not a validly worded dismissal.  This in in addition to good cause and neglect reasons which Plaintiff deems inexcusable.  Please see Statement of Errors and Defective Language

2. STATEMENT OF ERRORS AND DEFECTIVE LANGUAGE
Plaintiff had good cause for inability to carefully read pleadings with a pressurized job search and unemployment insurance of only $11 per day: upon a careful reading earlier today, these errors were detected:  A. Judge Kessler did not use the words "dismiss case" and merely said order was appealable: her motion granted summary judgment on a defective pleading which said in error the EEOC found "no probable cause of discrimination occurred" when the right-to-sue letter said the EEOC "did not establish violations of statutes" and made it clear the EEOC did "not certify (American University)' in compliance with statutes." B. After complaints about J. Slovinec's overdue bills, Mr. Khalid wrote "apparently not content to have received free housing and coursework": this language is defective and Mr. Khalid would be wise to accept an extension of time to clarify his words: if American University forgave J. Slovinec's bill and decided not to collect the charges, this should be stated as J. Slovinec would like recording of his grades. C. Mr. Khalid seeks an unfair advantage when he said J. Slovinec "cannot demonstrate any evidence" in his favor.  Under Fed.R.Civ.P. 60, Judge Kessler's opinion omitted any discussion of the age survey in J. Slovinec's favor which proved discrimination or barring as retaliation. REQUEST FOR RESPECT OF J. SLOVINEC'S DESIRE TO HAND IN APPEAL AND APPELLATE BRIEF NOT LATER THAN JAN. 15 Plaintiff has many reasons of good cause for his decision to file appeal today: Dec. 15 is both 60 days for appeal of a federal-related EEOC case and the requested amount of time for filing a motion to extend time for pleadings on the October 15 ruling.  Plaintiff had notified the court with use of the parties' names in the Nov. 8 pleading to Howard Dean about intent to complain about the ruling and substantially started to list causes: with agitation from a tense job search which could worsen his hypertension and complaint to D.C. Attorney General Linda Singer on unconstitutional lack of access to a legal counsel, Plaintiff had good cause in reasonably notifying Mayor Fenty about opportunities for him to mediate a voluntary settlement: a Fed.R.Civ.P. 60 issue is Judge Kessler's neglect of her duty to order discovery on issues related to Welfare Reform Act where a skills assessment is expected of J. Slovinec's courses for work preparation if American U. does not hire him. PROOF OF SERVICE: To; Hisham Khalid, American U. Legal Counsel, 3201 New Mexico Av., N.W., Washington, D.C. 20016, Joseph Slovinec, 425 2nd St., N.W., Washington, D.C. 20001 December 14, 2007

*Joseph Slovinec*

Leave to file granted—J. Kessler—12/18/07

RECEIVED
DEC 1 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Please see these cases:

Federal Rule of Appellate Procedure 4 (a)(5) favors flexibility in granting extensions of time. Chisper v. Kohlmeyer, CA5 600 F2d (1979)

6-day time applies when EEOC party to consent decree-monitoring proceedings, In re. Burlington Northern Employment Practices (7th Cir. 1986), 810 F2d 601 Although U.S. Attorney General Gonzales' office declined intervention or condemning EEOC's handling of case, Department did not deny EEOC cases are federal issues: yet there are also issues of good cause.

A motion to alter or amend judgment can start time for appeal running anew. Lieberman v. Gulf Oil (1963), 315 F2d 1403. Note: Plaintiff Slovinec merely seeks slight adjustment of schedule: however, broad rights exists for requesting extensions of time for fraud, coercion, or duress which could be claimed since American U. eviction caused him to live in a homeless shelter with discrimination against Plaintiff's access to free legal counsel (it was refused). Thompson v. Treit, 343 F2d 200 (1965 or 1960's)

Although court denied it in this case, grounds exist at times for court to extend time if there were obstacles to filing appeal documents Bendist v. Brotherhood of Locomotive Engineers (1977) 555 F2d 671