*Leave to file granted J Kessler 12/19/07*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Joseph Slovinec,                   06-455
  Plaintiff,                           (gk) Judge Kessler
    Vs.
American University,
  Defendant

CLERK OF U.S. DISTRICT COURT AND COURT ARE NOTIFIED OF PLAINTIFF'S INTENT TO FILE FED.R.CIV.P. 60 MOTIONS

1. Plaintiff notifies office of Clerk of U.S. District Court and court of his right to file several Fed.R.Civ.P. 60 motions. Plaintiff cannot effectively complete texts this week since he is on unemployment insurance of $11 per week with only $100 in the bank and expectation of a financial collapse if he uses remaining about $400 in unemployment insurance before it end s in late January. Clerk is asked to discuss schedule with Judge Kessler in context of disagreements on Fed.R.Civ.P. 58 pleadings and objections to defects in Oct. 15 ruling, Fed.R.Civ.P. 60 allows Plaintiff to file within one year of Oct. 15, 2007 order or date of judgment, whichever is later. Motions to seek relief from errors, neglect of duty to amend, mistake, or fraud. Today Plaintiff states to clerk and court he believes a judgment in 06-455 should not be issued and he petitions Judge Kessler to maintain or reinstate case. Plaintiff maintains he has right to file Fed.
   R.Civ.P. 60 motions on basis of: Mr. Khalid is asked to re-read his Document 48-Exhibits:
   A. Error – Plaintiff listed age survey on affidavit and Judge Kessler ignored it in both order and opinion; it is evidence for a trial: this and other are not undisputed facts like Khalid claims.
   B. Error or omission – Plaintiff's affidavit said barring was partially done in retaliation for asking April Hornung of Human Resources for information on how to file job discrimination: Judge Kessler did not properly order discovery fair to both sides in either Case 06-455 or 06-1143 and it was inefficient for her to deny Plaintiff's motion to consolidate both cases: an extension of time, at the least, is merited to clarify confusion on discovery.
   C. Fraud – Plaintiff fairly listened to American U.'s case yet he believes it is fair to accuse American U. of fraud in both cases for listing of the statement when President Benjamin Ladner or staff falsely claimed J. Slovinec disrupted a meeting of the President's Cabinet to warn the President he was in danger of welfare and bankruptcy. Mr. Ladner consented to take Plaintiff's note during a public meeting with the Deans in Kay Spiritual Center in April 2005: it was not among the "disruptive activities" Michael McNair claimed on May 17 in his affidavit, and J. Slovinec's maintains McNair's affidavit is misleading.
   Plaintiff also reminders Clerk and court that even before Fed.R.Civ.P. 58 defects in Oct. 15, 2007, under Thompson v. Treit he can ask for relief for fraud, coercion, deception, duress. PROOF OF SERVICE: In U.S. mail: to : American University Legal Counsel Hisham Khalid, 3201 New Mexico Av., N.W., Washington, D.C. 20016

ON ISSUE OF FED.R.CIV.P. 58: Joseph Slovinec. 425 2nd St. N.W. Washington, D.C. 20001 December 17, 2007 *Joseph Slovinec*

TO: CLERK NANCY MAYER WHITTINGTON: PLEASE SEE CASE CLOTO V. RICHARDSON, 510 F2D. 485 (1975): SINCE SIGNATURE SPACE IS BLANK ON YOUR COMPUTER, AND NO ONE FROM CLERK'S OFFICE SIGNED ORDER, IT IS DEFINITELY NOT A VALID JUDGMENT WITH SEPARATE DOCUMENT (OCT. 15 ORDER #79). REMAND WAS REQUIRED

RECEIVED DEC 18 2007 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT