IN THE UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

Joseph Slovinec,        06-455
  Plaintiff,        (gk) Judge Kessler
  Vs.
American University,
  Defendant

REQUEST OR MOTION FOR U.S. DISTRICT COURT TO KEEP RECORD, OR NOT FORWARD IT TO UNITED STATES COURT OF APPEALS, UNTIL HEARING ON CORRECTIONS OF ERRORS

1. Plaintiff files request with Clerk of U.S. District Court to keep record until hearings on Plaintiff's request for correct of errors: Plaintiff discussed this with U.S. Court of Appeals staff after notice of appeal was forwarded on Dec. 17. . The free computer use for typing at CCNV, his residence, is not available again until January 3, 2008, after a holiday closing. Plaintiff therefore asks for an extension of time until sometime in January on all issues.
2. MOTION ONE: Plaintiff motions the U.S. District Court to keep the record at U.S. District Court and not forward it until hearings or responses on Plaintiff's motions for corrections of error.
3. MOTION TWO: Plaintiff motions court under Fed.R.Civ.P. 60 for relief of reinstating case with a trial on the basis of fraud in entering a false claim J. Slovinec disrupted ex-President Benjamin Ladner's meeting and this was cause for both barring J. Slovinec and prohibiting him from receiving any job interviews with American University. After careful consideration of Public Safety's duty to protect campus, Plaintiff Joseph Slovinec maintains these statements are fraud: Document 48, Defendant's Motion for Summary Judgment, p. 1, "The facts leading up to this lawsuit are straightforward and not in genuine dispute." With this strategy, it is fair to ask Judge Kessler to overturn ruling and give Plaintiff a reinstatement of case on all issues of dispute in material fact, it is untrue when Mr. Khalid also uses label, "undisputed record". The fraudulent statement is Document 48, Defendant's Statement of Material Facts Not in Dispute, p. 2: "7. During this same period, Slovinec visited various University offices to deliver unsolicited requests, demands, warnings or information. One particular troubling incident occurred in April 2005, when Slovinec disrupted a meeting of the University President's Cabinet to warn the President he was in danger of welfare and bankruptcy." This is fraud or deception: because" 1) the meeting was open to the public and notices were probably in American U. Eagle or another campus newsletter or signs; 2) it was actually a meeting which included Council of Deans and no efforts were made to subpoena witnesses including Dean Goodman and Dean Leo Grande; it was not only President's Cabin et; 3) Ladner voluntarily recognized J. Slovinec briefly to speak who only sounded moderately discontented and then Ladner politely and voluntarily took a note; and 4) this is definitely deception because disruption under most court cases and D.C. Code 22-3302 only occurs when a demonstrator or someone enters a private area and conducts a protest, conversation without permission, or physical acts like lying down on pavement which actually interferes with operations of an office. The meeting was at Kay Spiritual Center, not an office, so it was not among the "university offices" in McNair's affidavit of J. Slovinec's "disruptive activity" in Case 06-1143. Although it was not in the fraud accusation, Mr. Khalid in his facts omits that American U. wanted to exploit J. Slovinec like an out-of-town Chicago tourist with elements of predatory lending when Ronal d Fisher said J. Slovinec could only use private bank loans (J. Slovinec followed American U.'s advice to apply for them, and he was rejected) and Fisher could only recommend J. Slovinec stay at the overpriced Park Bethesda for $1393 per month. Khalid failed to establish it was wrong for J. Slovinec to write to President Ladner to ask Governor Blagojevich about returning J. Slovinec to Illinois after a later financial emergency which occurred with zero in J. Slovinec's bank account by Jan. 2006 after only $60 in Sept. 2005.
4. MOTION THREE: Plaintiff motions court under Fed.R.Civ.P. 60 for relief of reinstating case because the age survey in Exhibit 8 of Document 48, Dec. 1, 2006 is a material fact in Plaintiff's

*Leave to file granted - J. Kessler - 12/28/07*


favor which is enough to justify a trial under Khair v. Campbell, 893 F.Supp. 317, and Polstorff v. Fletcher (1978): Judge Kessler omitted all discussion of age survey in opinion or order and this is error or omission since age survey was on Plaintiff's affidavit. It is unjust for Mr. Khalid to claim on Document 48, p. 2, "Slovinec cannot demonstrate the existence of any evidence that would merit a trial on the ultimate question of whether he experienced unlawful discrimination."

5. MOTION FOUR: Plaintiff motions court under Fed.R.Civ. P. 60 for relief of reinstating case for another reason, confusion on never holding a fair discovery or ruling on Plaintiff's contention the barring order was done as retaliation partially for asking April Hornung for information on how to file discrimination complaint, and Human Resources boss Brenda Harner repeated to Plaintiff on phone she could not offer any interviews to Plaintiff due to barring order: there were other reasons, yet under McDonnell-Douglas (see 411 U.S. 792 and related cases) standards retaliation alone can establish a violation of Age Discrimination in Employment act.

6. MOTION FIVE: Plaintiff motions court to reinstate case and reopen discovery with error or another reason, gross injustice, when court refused Plaintiff's Motion (#59) under Rule 37 for compelled discovery on omitted Position 1728: this is obstacles to honest inquiry.

7. ADDITIONAL MOTION EXPECTED: on Judge Kessler's unwillingness or failure to demand American University take measures to support an end to Plaintiff's dependency on food stamps under Food Stamp Act and Welfare Reform Act, , and especially residency in a homeless shelter under D.C. Homeless Services Reform Act, and her near-refusal to hear evidence that American University, after causing Plaintiff's migration from Illinois mostly in an effort for profits at Park Bethesda, was only cause of D.C. metropolitan area residency of Plaintiff and main cause of a defective job search strategy which resulted in zero full-time hires of Plaintiff since he arrived in D.C. in January 2005 with income of zero in 2005, $2700 in 2006, and $4000 in 2007. Future pleadings will indicate Judge Kessler used reasons like work in Tanzania or past internships at American U. to discriminate against J. Slovinec's longer years of office experience in Illinois: she faces increased difficulty with Brookings scholar Alice Rivlin's inclusion of migration as a reason for poverty in the D.C. areas: why should American U. not answer for its decision to first encourage J. Slovinec to migrate to D.C. with promises to assist in job search and then a penniless J. Slovinec has and had major obstacles in desire to return to his previous home, Chicago, to accept an offer to attend Roosevelt University?SUMMARY STATEMENT OF REASONS FOR APPEAL: This is normally due by Dec. 24 and leave is asked to amend it: please read above reasons and there are several pages in Judge Kessler's opinion where she wrote Plaintiff does have a prima facie case of discrimination including on pp. 29, 33, 37, and 40 of her Oct. 15, 2007 opinion: her reasons for defending American U.'s decision to hire younger employees with less education and experience on items in job postings, especially Job 1877 and Job 2940 are unclear, and relief is warranted. In D.C. Mayor Adrian Fenty's administration where D.C. Department of Employment either is against or seems skeptical of Plaintiff's expected request for a free worker training program for Plaintiff to enter profession other than international affairs, and D.C. Dept. of Employment Services is trying to insist that J. Slovinec market himself on basis of past Master's Degrees in History and International Affairs and past work experience: Plaintiff believes it is especially wrong when in areas of international affairs and public affairs VP Robert Pastor, Anne Schmitt, Nanette Levinson, and Joseph Clapper of SIS: in essence the entire group told J. Slovinec to live in a homeless shelter with Republican-controlled house Negroes on food stamps because nobody liked his past work experience in Cook County and Illinois government: this is bad for thoughtful APSIA foreign affairs schools standards.

PROOF OF SERVICE: To: American U. Legal Counsel Hisham Khalid, 3201 New Mexico Av., N.W., Washington, D.C. 20016

Joseph Slovinec, 425 2nd St., N.W., Washington, D.C. 20001   December 21, 2007

*Joseph Slovinec* (signature)