IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Joseph Slovinec,   06-455
  Plaintiff,
              (gk) Judge Gladys Kessler
  Vs.
American University,
  Defendant

COMPLAINT TO ACTING D.C. ATTORNEY GENERAL PETER NICKLES ON DOUBLE STANDARDS ON REVIEW OF EVIDENCE IN KARL ROVE CASE AND SLOVINEC V. AMERICAN U.: ADVICE IS ASKED TO AVOID BANKRUPTCY WHERE JUDGES WORSENED J. SLOVINEC'S FINANCIAL CONDITION

1. Plaintiff Joseph Slovinec respectfully notifies the court and D.C. Attorney General Nickles of his objections to Judge Kessler's most recent ruling where she denied relief under Fed.R.Civ.P. 60 from a so-called "final, appealable order" where she claimed Plaintiff's pleadings were "woefully deficient": D.C. Attorney General Singer properly received Plaintiff's complaint on American University's efforts to obstruct a fair investigation. When Ms. Singer reviewed evidence against several individuals who demonstrated against Karl Rove in Spring 2007, American U.'s Office of Public Safety was required to present witnesses. Judge Kessler wrongly acts like J. Slovinec is picking on American University where he accused American U. of fraud for entering false accusations in pleadings without witnesses that J. Slovinec disrupted a meeting of President Ladner's Cabinet to warn Ladner he was in danger of welfare and bankruptcy. Michael McNair and Maurice Carter listed this as cause of barring order, actually mostly due to an unpaid bill, when Ladner voluntarily took J. Slovinec's note and it was not disruption under D.C. Code 22-3302 which McNair cited. J. Slovinec recently told D.C. police he intends to stay away from American U. Campus until reductions in tensions or mediation occurs: Mr. Kerwin who hosted Obama is congratulated on his inaugural with cautions against favoring Ladner's repression.

2. Mr. Nickles is asked to review an earlier agreement J. Slovinec made with IDAPP, the Illinois loan program, to pay $20 per month for student loans and also actions of U.S. Secretary of Education Margaret Spellings who seems to indirectly refuse in a Jan. 15, 2008 letter to accept J. Slovinec's proposal to complete $40 of six promised federal monthly loan payments early in exchange for her ending of default and making Perkins Loans available for J. Slovinec to attend Roosevelt University in Chicago which accepted J. Slovinec to start this week (Jan.28-31). J. Slovinec ended 6 months of unemployment insurance and only has $116 in bank: with lack of respect to his right to legal counsel, he needs to ask if he should give $40 to Spellings: she and American U.'s eviction caused 2-year CCNV stay..

3. Mr. Nickles is asked to immediately contact Mayor Fenty to designate a worker training program for J. Slovinec like Jubilee Jobs, or another choice which is appropriate for J. Slovinec's education, since J. Slovinec is accusing CCNV case management under Diann Brown of not competently reading or reviewing information on J. Slovinec's past education and employment appointments: Judge Handy persists in entering errors in an OAH hearing where he disregarded economic duress in CCNV stay. Judge Kessler never held fair hearings on issues for another Rule 60 motion within 30-60 days on J. Slovinec's demeaning employment at two part-time jobs with incomes of zero in 2005, $2700 in 2006, and only $4000 in 2007 before layoff. She did not dismiss 06-455: U.S. Court of Appeals is confused.

SERVICE: In U.S. mail to: Hisham Khalid, American U. Legal Counsel, 3201 New Mexico Av., N.W., Washington, D.C. 20016 (if Mr. Nickles wants earlier transmission, he can do so)

Joseph Slovinec, 425 2nd St., N.W., Washington, D.C. 20001 Jan. 28, 2008

RECEIVED
JAN 29 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Joseph Slovinec*
*Joseph Slovinec*