# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 07-7180**  **September Term 2007**

06cv00455

Filed On:  April 15, 2008

Joseph Slovinec,

    Appellant

    v.

American University,

    Appellee

**BEFORE:**   Sentelle, Chief Judge, and Henderson and Tatel, Circuit Judges

## O R D E R

Upon consideration of this court's order to show cause filed January 16, 2008, and the response thereto, it is

**ORDERED**, on the court's own motion, that the record be remanded to the district court for a determination whether, when construed as a motion for extension of time to file a notice of appeal under Fed. R. App. P. 4(a)(5), appellant's "Motion for Stay in Proceedings," received by the district court on December 14, 2007, and filed on December 18, 2007, should be granted.  It is

**FURTHER ORDERED** that this case be held in abeyance pending further order of the court.

The Clerk is directed to send a copy of this order and a copy of appellant's response to the order to show cause to the district court.  The district court is requested to notify the court promptly upon its determination of the question on remand.

**Per Curiam**

UNITED STATES COURT
FOR DISTRICT OF COLUMBIA CIRCUIT
FEB 13 2008
RECEIVED

IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA

Joseph Slovinec,
    Plaintiff-Appellant,
vs.
American University,
    Defendant - Appellee

07-7180
Appeal: of 06-455
Kessler (gk)
U.S. District Judge

**OFFER TO COMPROMISE WITH COURT TO ONLY HEAR APPEAL AT A LATER DATE IF JUDGE KESSLER DISMISSES THE CASE YET SHE HAS NOT DISMISSED IT: OR IN THE ALTERNATIVE, TO EXTEND TIME FOR GOOD CAUSE**

1. Plaintiff-Appellant heard from Judge Kessler (Order, Jan. 14, 2008): "The Court did not dismiss this case.": so there was not an end to litigation which would require the U.S. Court of Appeals to hear case soon: she also failed to enter a judgment indicated on Oct. 15, 2007, order as intended, court rules are very strict on start of 60 (or 39) days for appeal and even an order of dismissal is not enough if it is not a separate final judgment, *Kent v. Baker*, (1987, CA 11). Plaintiff-Appellant is aware of Judge Kessler's past work habits and he had filed an appeal with U.S. Court of Appeals within 30 days of the August 24, 2005 dismissal order which ended litigation in Case 05-1690 Slovinec v. Muncie. It appears she was using an angle to try to get the U.S. Court of Appeals to only consider her order in favor of a motion for summary judgment by Defendant which she termed a "final, appeal able order" (see *Federal Civil Rules Handbook* 6.2 "district court can choose to certify; certain non-final interlocutory order as eligible for immediate appellate review") and not yet the rest of issues of age discrimination and retaliation in case: it appears the U.S. Court of Appeals does not want to voluntarily hear only this order and Plaintiff J. Slovinec is skeptical. Plaintiff-Appellant J. Slovinec offers to compromise with the court that if the U.S. Court of Appeals agrees to hear an appeal of 06-455 within 30 days of a dismissal order of Judge Kessler, and J. Slovinec is discouraging her from dismissing it, then J. Slovinec could drop his request for an appeal at this time. In order for the 30-day period for filing appeal to start, the court needs a judgment which definitely ends litigation, *Williams v. Halpin*, (1990, CA7, Mas.), 919 F.2d 788 and the August 24, 2005 dismissal order ended litigation in 05-1690. The court ruled a motion for summary judgment is not a appeal able order, *Calmarvo v. W. Coast Carriers*, 650 F2d 633 (1981): it therefore appears safest for the U.S. Court of Appeals to postpone an appeal until Judge Kessler dismisses case if she does dismiss it.

2. If the U.S. Court of Appeals cannot agree on above postponement for lack of dismissal, Plaintiff-Appellant stated he had good cause to wait until Dec. 14 to file notice of appeal with both confusion on Judge Kessler's wording unconstitutional denial of his right of access to legal counsel during 6 months of only $11 per day of unemployment insurance (June 2007-January 2008) and when Washington Legal Clinic for Homeless refused J. Slovinec legal representation because he was not a homeless shelter termination case, Bread for the City and Catholic Charities gave similar answers

3. The court and opposing counsel are reminded of reasons J. Slovinec opposes Judge Kessler's dismissal of case and desires all opportunities to file Fed.R.Civ.P. 60 relief motions by October 15, 2008, including one on demeaning work by March including extreme difficulty of D.C. Dept. of Employment Services in aiding J. Slovinec in job search: Although Judge Kessler claimed summary judgment was only available with "no genuine issue of material fact", J. Slovinec claimed she erred when she omitted age survey in J. Slovinec's favor from Oct. 15, 2007 opinion with four favorable prima facie cases of discrimination on p. 29, 33,37,40; on Jan. 14, 2008, she did not fairly address lack of discovery on Welfare Reform Act issues and barring as retaliation when J. Slovinec was threatened against visiting witnesses on campus or fraud on accusing J. Slovinec of disrupting April 2005 meeting when ex-AU President Ladner voluntarily took note from J. Slovinec at meeting open to public. (06-455: Document 82, 11/21/07 and 85 12/18/07)

SERVICE BY E-MAIL TO: Hisham Khalid, Legal Counsel's Office for American University, 3201 New Mexico Av., N.W.
Washington, D.C. 20016; he lists e-mail address on court docket with implied consent for e-mail service

*Joseph Slovinec* (signature)

Joseph Slovinec
425 2nd St., N.W
Washington, D.C. 20001
February 13, 2008