```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

JOSEPH SLOVINEC,              :
                              :
        Plaintiff,             :
                              :
        v.                    :     Civil Action No. 06-455 (GK)
                              :
AMERICAN UNIVERSITY,          :
                              :
        Defendant.            :
```

## MEMORANDUM OPINION

On October 15, 2007, the Court issued a Memorandum Opinion and a separate Order which, among other things, granted Defendant's motion for summary judgment. See *Slovinec v. American Univ.*, 520 F. Supp.2d 107, 124 (D.D.C. 2007). On December 14, 2007, Plaintiff submitted a Notice of appeal and a Motion for Stay In Proceedings For At Least 20 Days to Allow Corrections of Unclear or Erroneous Language In Documents Before Appeal ("Mot. for Stay"). The Clerk of Court docketed the Notice of Appeal on December 14, 2007 [Dkt. #84], and the undersigned granted leave to file the motion on December 18, 2007 [Dkt. #85].

This matter is before the Court for a determination "whether, when construed as a motion for extension of time to file a notice of appeal under Fed. R. App. P. 4(a)(5), [Plaintiff's] 'Motion for Stay in Proceedings,' received by the district court on December 14, 2007, and filed on December 18, 2007, should be granted." *Slovinec v. American Univ.*, No. 07-7180 (D.C. Cir. Apr. 15, 2008)

(order remanding record for determination whether to grant Motion for Stay).

The time limit for noticing an appeal is both mandatory and jurisdictional. See *Browder v. Director, Dep't of Corr. of Illinois*, 434 U.S. 257, 264 (1978); *Moore v. South Carolina Labor Bd.*, 100 F.3d 162, 163 (D.C. Cir. 1996) (per curiam). A district court may extend the time to file a notice of appeal if the party files a motion within 30 days after the time prescribed by the rule expires, and if the party shows excusable neglect or good cause.[1] *See* Fed. R. App. P. 4(a)(5)(A). In a case such as this, the notice of appeal "must be filed with the district clerk within 30 days

---

[1] Plaintiff argues that the October 15, 2007 Order [Dkt. #79] is not a judgment for purposes of Rule 58 of the Federal rules of Civil Procedure. According to Plaintiff, the "October 15 ruling does not use the words 'dismiss case' and is not a validly worded dismissal." Mot. for Stay at 1, ¶ 1. "An order was issued, not a judgment with dismissal text." Notice of Appeal. In Plaintiff's view, then, the 30-day period for the filing a notice of appeal has not yet started running. The Court rejects this argument.

A judgment "must be set out in a separate document," Fed. R. Civ. P. 58(a), which in turn must be entered by the Clerk of Court on the civil docket. *See* Fed. R. Civ. P. 79. "[A] single document that disposes of all [] claims can satisfy Rule 58 so long as it is sufficiently terse." *Kidd v. District of Columbia*, 206 F.3d 35, 37 (D.C. Cir. 2000). The October 14, 2007 Order is separate from the supporting Memorandum Opinion; it contains neither legal reasoning, citation to legal authority, nor other language to make the "order into a combined decision and order." *Diamond v. McKenzie*, 770 F.2d 225, 230 n. 10 (D.C. Cir. 1985). It is a separate written order granting a motion for summary judgment, and as such, it "satisfies Rule 58, even if the order is not entitled 'judgment.'" *Webster v. Pacesetter, Inc.*, 270 F. Supp.2d 9, 11 n.4 (D.D.C. 20003) (citation omitted).

after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). In no case may an extension of time "exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

Plaintiff meets the first requirement because he filed his motion to extend the time to file his notice of appeal on December 14, 2007, which by the Court's count is exactly 30 days after the last day on which his notice was due. Plaintiff's motion fails, however, because he shows neither excusable neglect nor good cause for the extension of time.

The Advisory Committee's Note to the 2002 Amendments to Rule 4(a)(5)(A)(ii) distinguishes "excusable neglect" from "good cause" as follows:

> The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault - excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

Fed. R. App. P. 4(a)(5)(A)(ii), Advisory Committee's Notes to 2002 Amendments.

Plaintiff does not address the matter of excusable neglect. Rather, he states that he "had good cause for inability to carefully read pleadings with a pressurized job search and unemployment insurance of only $11 per day." Mot. for Stay at 1,

¶ 2.  In addition, he asserts that he is the subject of "fraud, coercion, or duress" because his eviction from University housing "caused him to live in a homeless shelter with discrimination against Plaintiff's access to free legal counsel."  *Id*. at 2.

Nothing in Plaintiff's papers suggests that he did not receive notice of the Court's October 15, 2007 Memorandum Opinion and Order in a timely fashion.  Moreover, it is clear from Plaintiff's papers that he is knowledgeable about the applicable rules of civil and appellate procedure and the filing deadlines set forth herein.  In short, notwithstanding Plaintiff's understandable focus on his employment and housing needs, he does not show that his last filing was due to circumstances beyond his control.[2]  *See. e.g.*, *Anyanwutaku v. Wilson*, No. 00-2296, 2006 WL 1663407, at *3 (D.D.C. June 12, 2006) (concluding that medical diagnosis and resulting "emotional disorganization" were not events beyond plaintiff's control such that he showed good cause for late filing his notice of appeal).

When construed as a motion for extension of time to file a notice of appeal under Fed. R. App. P. 4(a)(5), the Court concludes that Plaintiff's Motion for Stay in Proceedings must be **denied** for

---

[2]  An examination of the docket in this case demonstrates that Plaintiff's employment and housing situation have not prevented him from filing numerous pleadings when he felt compelled to do so.

lack of merit.  An Order consistent with this Memorandum Opinion will be issued separately.



May 13, 2008                                    /s/
                                                Gladys Kessler
                                                United States District Judge